Sidney A. Fine, J.
This is a motion by Anaconda Wire and Cable Company, Inc., to vacate a subpoena duces tecum served on it by the Attorney-General of this State, calling for the production of certain records, from January 1, 1948 to the date of the subpoena.
The movant concedes that the Attorney-General is empowered by section 343 of the General Business Law to conduct in camera investigations to determine whether article 22 of the General Business Law (the so-called Donnelly Act) is being violated. It also concedes that the Attorney-General’s power of subpoena and examination for investigative purposes has not abated by reason of his having brought an action against the movant and others to restrain them from violations of the Donnelly Act and to recover penalties from them for past violations. Indeed, sec *841 tion 343 expressly provides that said power “ shall not abate or terminate by reason of any action or proceeding brought by the attorney general under this article ’ ’, and the power has been upheld in cases where an action or proceeding had been commenced by the Attorney-General (Matter of Hoyt [Attorney-General], 258 N. Y. 569; Royal Development Co. v. Bennett, 268 N. Y. 647; People v. Holmes, 227 App. Div. 734).
The movant contends, however, that the purpose of the subpoena sought to be vacated was not to aid the Attorney-General in an investigation authorized by the Donnelly Act, but rather to obtain evidence against it in a pending action against the movant and others, commenced after the completion of the Attorney-General’s investigation. It points out that it had complied with subpoenas issued by the Attorney-General prior to the commencement of the action, while the latter was exercising his investigatory powers. It also calls attention to the fact that prior to the issuance of the subpoena sought to be vacated, the Attorney-General, in a letter dated June 5, 1963, had asked for the production of the same records in a letter bearing the title of the pending action. It asserts that from the time of the commencement of the action until the issuance of the subpoena there ‘ ‘ has apparently been no investigative activity by the Attorney General under GEL § 343.”
In the cases above cited, in which the Attorney-General’s power of subpoena was sustained notwithstanding the commencement of an action by him, it was clear that his investigation was continuing and had not been completed.
In Hoyt (Attorney-General) (supra), the investigation had started in October, 1930, as the result of a brokerage firm’s bankruptcy on October 9, 1930. The action for injunctive relief was commenced on November 1, 1930, obviously before the Attorney-General’s investigation had been completed. The Attorney-General submitted an affidavit stating that he had not closed Hoyt’s examination and wished to examine him as to matters regarding which Hoyt had not yet been examined. In People v. Holmes (supra) no claim was made by the witness that the Attorney-General’s investigation had been completed. In Royal Development Co. v. Bennett (supra) the Attorney-General denied the examination was sought solely to assist interveners in their proof of claims and he asserted that no final determination had been made by him as to what criminal action, if any, might be brought against the corporate officers and directors. Here, the only statement to indicate that the investigation has not been completed is the single sentence in the opposing affidavit, reading “ The investigation is still in progress ”. *842 The lack of elaboration and the failure to refer to any investigative activities since 1961, coupled with the entitling of the letter of June 5, 1963 in the present action, tend strongly to indicate that the actual purpose of the subpoena is to obtain evidence for use in the pending action. In view of the fact that the moving papers definitely charged that the investigation had been completed, it was incumbent upon respondent, peculiarly in possession of the facts, to meet this charge with more than a mere conclusory assertion that the investigation is still in progress.
To permit the Attorney-General to utilize the subpoena powers. conferred upon him by section 343 for the sole purpose of aiding him in the prosecution of the pending action would be manifestly unfair, for in cases where the Attorney-General is exercising his investigative powers, counsel for the witness or his company has no absolute right to be present or to cross-examine or obtain a copy of the testimony of the witness.
In the court’s opinion, on the papers presented the conclusion is required that the subpoena was not issued in aid of an investigation being conducted by the Attorney-General. The provisions of section 343 are, therefore, inapplicable. The motion to vacate is granted.