## (November 12, 1963)

■  THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ANACONDA WIRE AND CABLE COMPANY, INC., Respondent.— Order, entered on July 16, 1963, vacating subpoena duces tecum, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to plaintiffs-appellants, and the motion denied. The Attorney-General of the State of New York caused to be served on respondent, pursuant to section 343 of the General Business Law, subpoena dated June 12, 1963, requiring it to produce specifically described documents for the years January 1, 1948 to the date of service. During 1961 a similar subpoena had been served on respondent for the period 1955 to the date of the subpoena. Respondent complied with the 1961 subpoena. However, with respect to the last-served subpoena respondent moved to vacate on the ground that there is no pending investigation under the Donnelly Act (General Business Law, § 343) and the additional ground that the subpoena power under the Donnelly Act may not be utilized for discovery in aid of the pending civil suit against the respondent and others. The opposing affidavit of the Assistant Attorney-General assigned to the Anti-Monopolies Bureau avers: " The investigation is still in progress." We assume the good faith of the Attorney-General. (*Matter of Attorney-General of State of N. Y.* [*American Research Council*], 10 N Y 2d 108, 111; *Dunham* v. *Ottinger*, 243 N. Y. 423, 433–434.) The concurrence of the investigation and the civil action does not establish otherwise since the statute provides: " Such power of subpoena and examination shall

not abate or terminate by reason of any action or proceeding brought by the attorney general under this article." (*Matter of Hoyt [Attorney-General]*, 258 N. Y. 569.) Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ. [39 Misc 2d 840.]