Edward T. McCaffrey, J.
This is a joint motion by all defendants for an order vacating subpoenas duces tecum served by the Attorney-General of this State, calling for the production of certain records, from January 1,1934 to January 1,1948 and, *152 in the subpoena served upon defendant General Cable Corporation, a patent license agreement executed in or about 1916. These subpoenas were served pursuant to the powers granted the Attorney-General by section 343 of the General Business Law which permits the Attorney-General to issue such subpoenas for the purposes of an investigation of violations of article 22 of the General Business Law (the Donnelly Act). ■"
The movants contend that the subpoenas should be vacated on the grounds that the Attorney-General is using his secret ex parte investigatory power under section 343 of the General Business Law [Donnelly Act] solely to obtain pretrial discovery of evidence for use in this action and not in connection with any pending investigation and that these subpoenas are harassing and unreasonable as to time and scope.
It appears to this court that the time period of the documents called for in the subpoenas herein attacked is remote from 1956-1961, the time of the alleged unlawful conduct which is the subject matter of this action and is, therefore, unreasonable; further, the materiality of the documents subpoenaed to the issues herein is questionable. The subpoena power given the Attorney-General pursuant to the Donnelly Act should not be utilized and reutilized to the extent that it becomes harassing and unreasonable; the Attorney-General must exercise discretion in the exercise of his discretion. It should be noted that the Attorney-General has already subpoenaed and examined both documents and witnesses for the period from 1948 to 1963.
These defendants moved to vacate previous subpoenas on the ground that there was no pending investigation under the Donnelly Act and the additional ground that the subpoena power under the Donnelly Act may not be utilized for discovery in aid of the pending civil action. The Appellate Division, First Department, in reversing the Special Term order vacating the subpoenas (People v. Anaconda Wire & Cable Co., 19 A D 2d 867, 21 A D 2d 754) clearly based its determination on the fact that the Assistant Attorney-General assigned to the antimonopolios bureau averred that “ ‘ The investigation is still in progress.’ ” There is no such statement in the opposing affidavit submitted herein; in fact, the affidavit of the Assistant Attorney-General unequivocally states that “ 'The documents called for in the subpoenas are material and necessary for the ultimate determination by this Court of alleged price fixing in violation of the Donnelly Anti-Monopoly Act ” (emphasis supplied). By this statement, .the Attorney-General has virtually admitted that the actual purpose of the subpoenas is to obtain evidence for use in this action and not to aid in any pending investigation.
*153 To permit the Attorney-General to utilize the subpoena powers conferred upon him by section 343 for the sole purpose of aiding him in the prosecution of the instant action would be grossly unfair and would deprive the defendants of their right to be present at any pretrial examination or to cross-examine or to obtain a copy of the testimony of the witness. It seems clear to the court that although the subpoena powers pursuant to section 343 do not ‘ ‘ abate or terminate by reason of any action or proceeding brought by the attorney general under this article ’ ’, the provisions of that section are applicable only in aid of an investigation and not to aid the court in making its determination and therefore, do not apply to the subpoenas attacked herein and the motion to vacate is granted.