■ Matter of JAMES A. RYAN, Respondent, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Appellant.— *Per Curiam*. The Attorney-General of the State appeals from an order quashing a subpœna served pursuant to section 343 of the General Business Law. The subpœna directed the appearance of the petitioner " to testify what you and each of you may know in regard to matters relating to the practices of The Milk Industry and others in unlawfully interfering with the free exercise of any activity in this State, or the free pursuit in this State of any lawful business, trade, or occupation, in the manufacture, production, transportation, marketing or sale of any article or commodity of common use or of any service". Special Term granted the order, stating " In the light of the failure on the part of the Attorney General to allege facts to establish the materiality and relevancy of the proposed examination of the Petitioner in his individual capacity, it is my conclusion that this is not a proper case for the issuance of the subpœna which is sought to be quashed". The affidavit of the Attorney-General, in opposition to the motion, stated that an investigation had been initiated pursuant to section 343 of the General Business Law and witnesses and documents had been examined as the result of a report received by that office from the New York State Commission of Investigation entitled " An Investigation of Purchasing Practices and Procedures of Albany County", which concerned itself in part with information of identical bids and other indicia of monopolistic practices in the procurements of various products. It further stated that the Attorney-General would be derelict in the discharge of his statutory duty in failing to conduct such an inquiry. Annexed to the aforesaid mentioned affidavit was a written stipulation purportedly signed by the petitioner which stated that in return for a further adjournment he, the said petitioner, would appear and testify on a duly designated date, to wit, December 15, 1964. There is a presumption that the Attorney-General is acting in good faith. We find no merit to any of the contentions raised by the petitioner on this appeal. (See *Matter of La Belle Creole Int.* v. *Attorney-General,* 10 N Y 2d 192; *People* v. *Anaconda Wire & Cable Co., Inc.,* 19 A D 2d 867; *Long Is. Moving & Stor. Assn.* v. *Lefkowitz,* 24 A D 2d 452.) Order reversed, on the law and the facts, and application to quash subpœna denied, without costs. Stay vacated. Settle order. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.