STATE OF NEW YORK, Respondent, *v.* MOBIL OIL CORPORATION, Appellant.

First Department, February 8, 1973.

*Sanford M. Litvach* of counsel (*Kevin D. Brenan* with him on the brief; *Donovan Leisure Newton & Irvine,* attorneys), for appellant.

*August L. Fietkau* of counsel (*Irving Galt* and *Charles A. La Torella, Jr.,* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

CAPOZZOLI, J. This action was commenced on July 17, 1972 by the Attorney-General of the State of New York, pursuant to article 22 of the General Business Law (Donnelly Anti-Trust Act), to enjoin and prevent alleged violations of section 340 of that act.

Prior to the commencement of this action the Attorney-General had been investigating the practices and policies of the gasoline industry under the cited act. In the course of this investigation the Attorney-General, in February, 1972, served upon defendant a subpoena, pursuant to section 343 of the General Business Law, calling for the production of data concerning defendant's sales of tires, batteries and accessories. Defendant complied therewith and produced the available information. On July 19, 1972, two days after the institution of this action, and as part of the continuing investigation, the Attorney-General served a second subpoena on defendant to obtain data and documents relative to defendant's practices concerning dealer aid. More particularly, it sought information concerning the quantum of dealer aid given by the defendant to each service station in the Greater New York area covering the period from May, 1971 to the date of the subpoena. Defendant moved to quash the latter on the ground that it was issued subsequent to the commencement of the civil action against it. It contended that the subpoena was being utilized to circumvent the disclosure procedures provided for in the CPLR and that enforcement of that subpoena would deprive it of its constitutional rights. The Attorney-General has taken the position that the information sought by means of the subpoena in question is relevant to a continuing investigation by him into the practices, policies and price structures of the gasoline industry.

The constitutional attack levied by defendant on this appeal is without merit. (*Matter of Hoyt* v. *Attorney-General,* 258 N. Y. 569.) In the cited case the Court of Appeals affirmed, without opinion, an order denying a motion to quash an investigatory subpoena issued pursuant to section 352 of the General Business Law and rejected the contention raised that the section would be unconstitutional if it were construed to permit an examination of one of the defendants in the action, in circumvention of the provisions of the Civil Practice Act.

The Legislature has expressly provided, in section 343 of the General Business Law that the Attorney-General may conduct his investigations with authority to issue subpoenas which " shall not abate or terminate by reason of any action or proceeding brought by the attorney general under this article ". The courts have, on a number of occasions, sustained the authority of the Attorney-General to continue his investigation following the commencement of an antitrust action. (*People* v. *Anaconda Wire & Cable Co.,* 19 A D 2d 867; *Long Is. Moving & Stor.*

*Assn.* v. *Lefkowitz*, 24 A D 2d 452, mot. for lv. to app. den. 17 N Y 2d 419, app. dsmd. 17 N Y 2d 918.)

The dissent relies on the case of *People* v. *Anaconda Wire Co.* (45 Misc 2d 151, affd. 23 A D 2d 823, app. dsmd. 16 N Y 2d 871 [1965]). However, the reason for the decision in that case, as given by Special Term in its opinion, was the failure of the Attorney-General to specifically allege that the investigation was still in progress. In fact, Special Term referred to the earlier *Anaconda case* (19 A D 2d 867, *supra*) and distinguished it from the case before it, calling attention, at page 152 of its decision, to the fact that, in the earlier *Anaconda* case, the Attorney-General " averred that ' The investigation is still in progress ' ", and the court then went on to say " there is no such statement in the opposing affidavit submitted herein ". In the case at bar it clearly appears from the two affidavits of Charles A. La Torella, Jr., Assistant Attorney-General in charge, that the investigation is very much alive and is continuing.

The order denying defendant's motion to quash the subpoena issued by the Attorney-General should be affirmed, without costs.

McGIVERN, J. P. (dissenting). I believe the objection is well taken.

Indeed, the very fact that " the investigation is very much alive and is continuing ", as acknowledged in the majority opinion, is all the more reason for affording defendant some relief. The fact that the Donnelly Act inquisition parallels a similar civil action, between the same parties, based on the same facts, raises the questions of public policy, due process and equal protection as they affect the defendant in the civil action.

Nor is the law in this area settled. The last expression on the specific question at issue seems to be in *People* v. *Anaconda Wire Co.* (45 Misc 2d 151, affd. 23 A D 2d 823; app. dsmd. 16 N Y 2d 871 [1965]). Therein, the court at Special Term said (p. 153): " To permit the Attorney-General to utilize the subpoena powers conferred upon him by section 343 for the sole purpose of aiding him in the prosecution of the instant action would be grossly unfair and would deprive the defendants of their right to be present at any pretrial examination or to cross-examine or to obtain a copy of the testimony of the witness. It seems clear to the court that although the subpoena powers pursuant to section 343 do not ' abate or terminate by reason of any action or proceeding brought by the attorney general under this article ', the provisions of that section are applicable only in aid of an investigation and not to aid the court in making its determina-

tion and therefore, do not apply to the subpoenas attacked herein and the motion to vacate is granted.''

In the instant case, counsel for the Attorney-General unabashedly admitted on argument that the nature of the action against Mobil was civil in category. I cannot see fundamental fairness in permitting section 343 of the General Business Law to be applied in such a manner that the State may obtain information against a subject in a civil action on an ex parte basis and in effect achieve uninhibited discovery in circumvention of the normal disclosure processes which all other parties must pursue in accordance with the CPLR.

Nor do I see *Matter of Hoyt* v. *Attorney-General* (258 N. Y. 569) as antithetical to this view. In that appeal the Court of Appeals rendered no opinion, and the Reporter's note is consistent with a conclusion that the court therein merely held that the issuance of an investigatory subpoena under the Martin Act (General Business Law, art. 23-A) was not invalid because of the commencement of an action. That is a far cry from the indication, patently manifested here, and not denied, that the subject subpoena is seeking information directly related to a pending civil action. In my judgment, this is a transgression of due process and the equal protection of the law, and leads into '' forbidden pastures ''. That there are limitations on the use of such a subpoena against a civil litigant is a view which has been recognized before, and never rejected by later cases. (*Matter of Kenney,* 129 Misc. 708, 710 [1927].) Cited with approval: *Carlisle* v. *Bennett* (268 N. Y. 212, 218); see, also, Ann. 87 A. L. R. 142–143.

At the very least, the scope of the subpoena should be narrowed so as to exclude matters relevant to the civil litigation between the two parties; furthermore, an accommodation should be made, permitting counsel for the defendant to be present at any examination affecting the civil litigation, with right of cross-examination.

NUNEZ and STEUER, JJ., concur with CAPOZZOLI, J.; McGIVERN, J. P., dissents in an opinion in which MURPHY, J., concurs.

Order, Supreme Court, New York County, entered on November 9, 1972, affirmed, without costs and without disbursements.