OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The Attorney-General is granted broad authority to conduct investigations, on the complaint of others or on his own information, with respect to illegal business practices and the unlawful practice of law. In furtherance thereof he is authorized to issue subpoenas under subdivision 12 of section 63 of the Executive Law. We have held, however, that there must be some factual basis shown to support the subpoena (Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250, 258). It is not fatal in this instance that there is no evidence in the record of third-party complaints; it is fatal that there is no evidence of any sufficient factual predicate to support the subpoena. All that is tendered is a piece of advertising copy and a single-form letter of petitioner, the latter apparently sent to lawyers engaged in general practice. The texts of both the advertisement and the form letter are too equivocal; read as the Attorney-General would read them they can be said to constitute an offer to engage in activities prohibited by subdivision 1 of section 495 of the Judiciary Law. On the basis of an arbitrary resolution of the equivocality in a manner adverse to petitioner and favorable to him, the Attorney-General asserts that he has authority to pursue his suspicions. The minimal, equivocal documentary proof in this case with no *886 other proof of any sort to support suspicion of illegality is not sufficient to sustain the subpoena, and it therefore should be quashed.
On our disposition of the appeal on this basis we do not reach or consider petitioner’s contentions that this subpoena duces tecum is impermissibly overbroad.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.