■   In the Matter of JOSHUA A. BECKER, M. D. & ASSOCIATES, P. C., et al.,

Respondents, v ARTHUR LEVITT, as Comptroller of the State of New York, Appellant.—Appeal from an order and judgment of the Supreme Court at Special Term, entered March 30, 1977 in Albany County, which quashed the subpoenas duces tecum served upon petitioners, except insofar as they directed the production of the books and records of the professional corporation which petitioners agreed to produce. In September, 1976, subpoenas were issued by the State Comptroller to compel production of certain records of respondent professional corporation and to compel respondent Becker to testify concerning these records. Respondents applied to vacate or modify the subpoenas while at the same time acknowledging a willingness to provide appellant with records concerning income, charges and receipts. Respondents were, however, disinclined to turn over records concerning disbursements. Special Term noted that appellant failed to state the relevancy of the information sought to some specifically defined State interest and thus concluded that appellant had not adequately demonstrated a proper basis for the issuance of the subpoenas. Consequently, the subpoenas were quashed, but without prejudice to a subsequent motion by appellant upon proper papers, for leave to issue subpoenas to examine into respondent's business affairs. Special did, however, order respondents to produce the subpoenaed books and records which they had earlier expressed a willingness to produce. The sole issue on this appeal is whether a proper basis for the issuance of the subpoenas was established by appellant. In order to assert its subpoena power, an agency is required to show its authority, the relevancy of the items sought, and some factual basis for inquisitorial action (*Myerson v Lentinit Bros. Mov. & Stor. Co.*, 33 NY2d 250; *Matter of A'Hearn v Committee on Unlawful Practice of Law of N. Y. County Lawyers' Assn.*, 23 NY2d 916, cert den 395 US 959). Upon examination of the record, we are of the view that appellant made no such showing at Special Term, and that the subpoenas were, therefore, properly quashed. Appellant has recited several facts on this appeal not previously particularized at Special Term. These additional averments may not now be considered by this court (*Nolan v County of Otsego*, 55 AD2d 422; *Bankers Trust Co. of Albany v Martin*, 51 AD2d 411). Accordingly, the order and judgment should be affirmed. Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.