■ In the Matter of AMOS POST, INC., Appellant, v ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered July 10, 1978 in Albany County,

which denied petitioner's application for an order quashing, vacating and/or modifying a subpoena duces tecum issued by the Attorney-General. Petitioner Amos Post, Inc., is a regional distributor for the Mobil Oil Company. On January 24, 1978, the Attorney-General issued a subpoena duces tecum to petitioner, pursuant to section 343 of the General Business Law, seeking the production of various documents relating to petitioner's business. It was stated in the subpoena that the inquiry was in regard to violations of article 22 of the General Business Law and particularly section 340 thereof with respect to the fixing of prices and maintenance of tying or exclusive supply arrangements. Petitioner moved to quash and, in the alternative, to vacate or modify the subpoena, claiming that the subpoena was without factual basis, that it was overbroad and being used as an instrument of harassment and that it improperly demanded the production of documents for copying and inspection. In an opposing affidavit, a Deputy Assistant Attorney-General stated that the subpoena was part of an effort by the Attorney-General to continually oversee the trade practices in the petroleum and automotive supply industry and that an investigation was being conducted into possible violations of article 22 of the General Business Law, in particular, price fixing and maintenance of tying or exclusive supply arrangements. It was also stated that the basis for the investigation was founded upon certain documentary materials in the possession of the Attorney-General which provided a basis for believing that petitioner was in violation of article 22. Special Term denied petitioner's motion and this appeal ensued. It is argued by petitioner that a sufficient factual basis must be shown to support the enforcement of the subpoena in question and that no such showing was made by respondent. Initially, we would note that the subpoena was issued pursuant to section 343 of the General Business Law and that said section provides for confidentiality. Special Term, citing *State of New York v Mobil Oil Corp.* (40 AD2d 369, affd 33 NY2d 627) and *People v Anaconda Wire & Cable Co.* (19 AD2d 867), concluded that in order to establish a factual basis for issuance of the subpoena respondent was only required to state that an investigation was in progress. We disagree. The cases cited by Special Term did not deal directly with the factual basis necessary for issuance of a subpoena pursuant to section 343. The Court of Appeals has stated that some factual basis must be shown to support enforcement of a nonjudicial subpoena *(Myerson v Lentini Bros. Mov. & Stor. Co.,* 33 NY2d 250). Such a requirement was recently reiterated by this court *(Matter of Becker & Assoc. v Levitt,* 65 AD2d 865). Consequently, we are of the view that something more is required than the mere statement that an investigation is in progress. Considering, however, the presumption that the Attorney-General is acting in good faith *(Matter of Ryan v Lefkowitz,* 26 AD2d 604, affd 18 NY2d 977) and the confidentiality required by section 343 of the General Business Law, it is our opinion that respondent demonstrated a sufficient factual basis to support the issuance of the subpoena in the present case. Upon our examination of the entire record, we find no merit to petitioner's contentions that the scope of the subpoena is overbroad or that the subpoena is being used as an instrument of harassment. Petitioner also argues that the Attorney-General was not authorized under section 343 of the General Business Law to demand the production of documents for copying and inspection. Section 343 empowers the Attorney-General to "require the production of any books or papers which he deems relevant or material to the inquiry." Effective July 19, 1977, subdivision (c) was added to CPLR 2305 (L 1977, ch 451, § 1). In pertinent part, CPLR 2305 (subd [c]) provides that "Whenever by statute any department or agency of govern-

ment, or officer thereof, is authorized to issue a subpoena requiring the production of books, records, documents or papers, the issuing party shall have the right to the possession of such material for a period of time * * * as may reasonably be required for the inspection, examination or audit of the material". We reject petitioner's contention that CPLR 2305 (subd [c]) is inapplicable when the subpoena is issued pursuant to section 343 of the General Business Law. Petitioner's remaining arguments have been considered and are unpersuasive. The order, therefore, should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.