OPINION OF THE COURT

Per Curiam.

A corporation which at the behest of a general practice attorney and for a fee causes a patent application to be prepared by a patent attorney or agent registered with the United States Patent Office renders legal rather than cleri *437 cal services within the meaning of subdivisions 1 and 5 of section 495 of the Judiciary Law. In this action by the Attorney-General to enjoin defendant from continuing such a practice Special Term granted defendant’s motion for summary judgment dismissing the complaint and denied the Attorney-General’s cross motion for discovery as academic. The Appellate. Division affirmed, without opinion. We granted leave to appeal and now reverse.
Special Term’s conclusion that subdivision 5 of section 495 of the Judiciary Law explicitly permits a service corporation such as defendant to prepare patent applications for general practice attorneys was in error. What that subdivision allows is the “furnishing to any person, lawfully engaged in the practice of law, such information or such clerical services in and about his professional work as, except for the provisions of this section, may be lawful, provided that at all times the lawyer receiving such information or such services shall maintain full professional and direct responsibility to his clients for the information and services so received.” Lest it be not clear from the phrase “clerical services” that legal services are not within the subdivision the immediately following sentence states: “But no corporation shall be permitted to render any services which cannot lawfully be rendered by a person not admitted to practice law in this state”. This is consistent with subdivision 1 of the same section which provides that a corporation may not “furnish attorneys or counsel” (subd [d]) nor “render legal services of any kind * * * in any * * * way or manner” (subd [e]).
Thus, unless preparation of a patent application is a clerical service it is proscribed by the section. That preparation of a patent application is not clerical is clear from section 33 of title 35 of the United States Code which provides that “Whoever, not being recognized to practice before the Patent Office, holds himself out * * * as being qualified to prepare * * * applications for patent shall be fined not more than $1,000 for each offense.” Whether, as defendant argues, as a matter of Federal criminal law that provision punishes merely the holding out of oneself as qualified or the preparation of the patent application (compare United *438 States v Blasius, 397 F2d 203, cert granted 393 US 950, cert dsmd 393 US 1008, with Hull v United States, 390 F2d 462), it is clear that preparation of a patent application is not a clerical service, but one which can be performed only by a registered and qualified patent attorney or agent, or perhaps by a general practice attorney, and that it is, therefore, a legal service within the meaning of section 495. The fact that defendant may use the services of an attorney or agent admitted to the patent bar in preparing applications for New York general practice attorneys does not save the situation, for defendant would then be furnishing attorneys or counsel within the proscription of subdivision 1 of section 495. The premise on which summary judgment was granted to defendant was, therefore, erroneous.
A further reason why, even if it be assumed that the services are clerical, accelerated judgment should not have been granted to defendant is that the Attorney-General is entitled to disclosure concerning what steps defendant has taken to assure that the attorneys receiving its patent application preparation services do in fact maintain “full professional and direct responsibility” to their clients. That the law imposes upon every attorney responsibility for papers he presents to a client whether or not he drafted them himself (cf. Assurance Co. of Amer. v Pulin, 142 NYS2d 809) is not enough to meet the requirement of subdivision 5, indeed, if accepted as enough would render its requirement wholly meaningless. The structure of defendant’s arrangements with its attorney-clients is, therefore, a proper subject of discovery which the Attorney-General should be permitted to complete before any further summary judgment application is made by defendant (CPLR 3212, subd [f]).
The present record is not, however, sufficiently clear to warrant the granting of summary judgment to the Attorney-General, who made no cross motion for that relief (CPLR 3212, subd [b]),[1] for whether defendant only refers general attorneys to patent agents or attorneys leaving *439 them to carry out further dealings directly, or actively participate in such further dealings, and if so, to what extent, cannot be gleaned from the record. Contrary to the suggestion in the dissent, not every general attorney who obtains his client’s authorization to engage and work directly with a registered patent attorney or agent referred by defendant Napatco is in violation of the United States Code.[2] So much of subdivision 5 of section 495 as requires maintenance of “full professional and direct responsibility” relates to the furnishing of clerical, not legal services, but if it be assumed that the same requirement relates to legal services also, it cannot be said, as the dissent suggests, that a general attorney who has a patent application prepared by a registered patent attorney or agent referred to him by Napatco has necessarily and in all cases failed to “maintain full professional and direct responsibility to his clients” as required by the subdivision. The United States Code provision and the Judiciary Law are aimed at different evils.
Finally, our previous affirmance (Matter of Napatco, Inc. v Lefkowitz, 43 NY2d 884) of the quashing of the Attorney-General’s subpoena is no bar to this action for an injunction, for we recognized in our memorandum on that appeal that, “read as the Attorney-General would read them [defendant’s advertisement and form letter] they can be said to constitute an offer to engage in activities prohibited by subdivision 1 of section 495 of the Judiciary Law” (43 NY2d, at p 885). The evidentiary predicate required to sustain an investigatory subpoena differs from that necessary to sustain a complaint against a summary judgment motion made before disclosure has been had (CPLR 3212, subd [f]).
Accordingly, the order of the Appellate Division should be reversed, with costs, and defendant’s motion for summary judgment denied.

. Absence of a cross motion is not, as the dissent suggests, irrelevant, for had the Attorney-General come forward with evidentiary matter on its cross motion, defendant’s answer or failure to answer may have clarified the factual situation. Of course, the fact that summary judgment may be granted to an opposing party without a cross motion does not mean that it must be.

. The defendant in United States v Blasius (397 F2d 203, supra) was an engineer, not an attorney, and the opinion contains no discussion of what a general attorney may do when co-operating with a registered patent agent or attorney in the filing of an application.