Honorable William Kroeger Acting Chairman State of New York Workers' Compensation Board
Your general counsel has asked whether the Workers' Compensation Board (Board) should comply with subpoenas duces tecum issued by administrative agencies.
New York law governs subpoenas issued to State administrative agencies. CPLR, § 2307 (a) provides in pertinent part:
 "A subpoena duces tecum to be served upon * * * a department or bureau * * * of the state, or an officer thereof, requiring the production of any books, papers or other things, shall be issued by a justice of the supreme court in the district in which the book, paper or other thing is located or by a judge of the court in which an action for which it is required is triable."
The New York Court of Appeals has held that CPLR, § 2307 (a) applies only to subpoenas issued by administrative agencies that derive their subpoena power from CPLR, § 2302 (a).* Matter of Irwin v Board ofRegents, 27 N.Y.2d 292, 296 (1970). If an administrative agency derives its subpoena power from an independent statute, the agency may subpoena records directly and need not obtain a court order to serve a subpoena duces tecum upon another administrative agency (ibid.).
There are numerous statutes in the consolidated and unconsolidated laws which expressly grant subpoena power to administrative agencies. (2A Weinstein-Korn-Miller, N Y Civ Prac, § 2301.01 [noting that if these independent statutes are silent as to subpoena practice, the provisions in CPLR, Article 23 govern]; First Preliminary Report of the Advisory Committee on Practice and Procedure, N Y Legis Doc No. 6 [b] [1957].) Therefore, the Board must ascertain the source of an agency's independent subpoena power in order to determine whether the subpoena is proper.
Generally, an agency must show on the face of its subpoena its authority to issue the subpoena. (See, e.g., Matter of Becker v Levitt,65 A.D.2d 865, 866 [3d Dept, 1978].) If the subpoena lacks this information, the Board may request the agency to indicate the source of its independent subpoena power.
If the Board is satisfied that the administrative agency's subpoena is proper, it should comply with the subpoena. However, if the Board determines that the subpoena is not properly issued, the Board may either ask the agency to withdraw or modify the subpoena, or raise objections to the subpoena if and when the administrative agency seeks judicial sanction for noncompliance. (See, e.g., Friedman v Hi-Li Manor,42 N.Y.2d 408 [1977]; 2A Weinstein-Korn-Miller, N Y Civ Prac, supra,
§§ 2304.03-2304.05.)
Your general counsel also asked whether the Board must furnish original records in response to subpoenas. Generally, the Board may furnish certified copies of records unless a court orders the Board to furnish the originals (see CPLR, § 2307 [b]; 7 Carmody-Wait 2d § 54.14).
Your general counsel asked whether the Board is entitled to witness fees where a personal appearance is required. If a subpoena is issued under CPLR, § 2307 (a) or the statute granting subpoena power to an agency does not have its own provisions regarding witness fees, the administrative agency issuing the subpoena should tender witness fees as required by CPLR, § 2303. (See, generally, Jones v State of NewYork, 62 A.D.2d 44 [4th Dept, 1978]; Matter of North End Democratic Clubv Lefkowitz, 31 Misc.2d 1000 [Sup Ct, New York Co, 1961].)
Finally, your general counsel has asked whether the Board should comply with subpoenas issued by Federal administrative agencies. Subpoenas issued by a Federal agency are governed by Federal law. The issuance of Federal subpoenas is generally governed by FRCP 45 which provides in pertinent part:
 "(b) * * * A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein; but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things.
 "(c) * * * A subpoena may be served by the marshal, by his deputy, or by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fees for one day's attendance and the mileage allowed by law. When the subpoena is issued on behalf of the United States or an officer or agency thereof, fees and mileage need not be tendered."
Generally, a Federal subpoena is issued by the Clerk of the Federal District Court under the seal of the Court (FRCP 45 [a]). (See generally, Wright and Miller, 9 Fed Prac and Pro, §§ 2451, et seq.; 5A Moore's Fed Prac, §§ 45.01, et seq.) However, FRCP 45 does not apply to subpoenas issued by administrative officers and commissioners pursuant to statutory authority. Like New York law, these administrative subpoenas are governed by the particular statute (see Notes of the Advisory Committee to FRCP 45 and statutes cited therein, Wright and Miller, opcit supra, at p 420). Thus, administrative subpoenas are issued by the Clerk of the Federal District Court only in the absence of statutory authority for issuance by the administrative agency. The Board must make a case-by-case determination as to whether a Federal administrative subpoena is properly issued. If the Board is satisfied the subpoena is proper, it should comply with the subpoena. However, if the Board determines that the subpoena is not properly issued, the Board may ask the agency to withdraw or modify the subpoena, make a motion to quash or modify the subpoena before the time specified for compliance (FRCP 45
[b]), or raise its objections when the agency seeks to enforce the subpoena. (See, generally, Wright and Miller, 9 Fed Prac and Pro, §§ 2451, et seq.) Although FRCP 45 does not govern the issuance of administrative subpoenas, the Federal Rules of Civil Procedure are generally applicable to proceedings to enforce administrative subpoenas (see FRCP 81 [a] [3]).
Your counsel has also asked whether the Board may furnish certified copies instead of originals in complying with a Federal administrative subpoena. Unlike New York law, which explicitly permits certified copies, the Federal Rules of Civil Procedure are silent on the issue. Therefore, we are unable to advise you that certified copies are sufficient to comply with a Federal subpoena. We suggest that the Board try to resolve this issue on a case-by-case basis with the particular Federal agency involved.
Finally, your counsel has asked whether a Federal administrative agency must tender a witness fee upon service of a subpoena. Rule 45, quoted above, specifically relieves the United States from such tender. However, a witness complying with the subpoena is entitled to a witness fee and mileage. (See Moore, op cit supra, § 45.12.)
In conclusion, the Board must make a case-by-case determination as to whether a subpoena duces tecum is proper when issued by another administrative agency. Generally, the Board may furnish certified copies of the records in response to a subpoena duces tecum and is entitled to witness fees where a personal appearance is required for those subpoenas governed by the Civil Practice Law and Rules.
* CPLR, § 2302 (a) provides in pertinent part: "Subpoenas may be issued without a court order by * * * any member of a board, commission or committee authorized by law to hear, try or determine a matter or to do any other act, in an official capacity, in relation to which proof may be taken or the attendance of a person as a witness may be required."