■ In the Matter of Dr. D. et al., Respondents, v C. Maynard Guest, as Executive Secretary of the State Board for Professional Medical Conduct of the State of New York, Appellant. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered March 2, 1984 in Albany County, which granted petitioners' motion pursuant to CPLR 2304 to quash a subpoena duces tecum.

The State Board for Professional Medical Conduct, a State agency assigned to initiate disciplinary proceedings involving physicians, authorized issuance of a subpoena duces tecum calling upon a Dr. D. and a Dr. E. to produce certified copies of any and all records, documents or other writings pertaining to the medical examinations and treatment of three named patients. Although these patients had previously instituted medical malpractice claims against Dr. D., one of which is presently proceeding towards trial, it does not appear that they ever filed a complaint against him with the board.

A motion by the doctors to quash the subpoena was granted; the board's cross motion to enforce the subpoena or, alternatively, to have Special Term undertake an *in camera* review of the complaint and other material relied upon by the board, for purposes of showing sufficient authenticating detail to justify issuance and enforcement of the subpoena, was rejected and this appeal followed. We affirm.

On April 3, 1981, the board received a complaint accusing Dr. D. of "gross negligence and/or incompetence as well as other possible violations of section 6509 of the Education Law." C. Maynard Guest, the board's executive secretary, averred that examination of the unnamed complainant's records "confirmed the complaint's factual allegations" and, further, that a cross check of the complaint with the State Insurance Department's Medical Professional Liability Uniform Claims Reports disclosed that three medical malpractice claims had been brought against Dr. D. The complaint was then reviewed by an investigative committee of the board, a quorum of which authorized the subpoena (General Construction Law, § 41) which was thereafter issued. Neither the nature of, nor date or dates when, the generalized malfeasance attributed to the doctor is said to have

occurred have been disclosed to him. Of the several grounds underlying the motion to quash, only two merit comment, namely, the board's claimed failure to demonstrate the authenticity of the complaint and the lack of relevance of the subpoenaed papers.

To justify a nonjudicial investigatory subpoena duces tecum, there must be a threshold showing that the underlying complaint is authentic, that it is of sufficient substance to warrant investigation and that the documents sought are relevant to that investigation (*Matter of Levin v Murawski,* 59 NY2d 35). As for the complaint's authenticity, that may be found in the substance of the complaint itself or it may be independently supplied (*Matter of Levin v Murawski, supra,* p 42). Here, the allegations of the complaint were authenticated by examination of the complainant's own medical records which the board, whose presumed good faith in this proceeding is unchallenged (see *Matter of Edge Ho Holding Corp.,* 256 NY 374, 381; *Matter of Amos Post, Inc. v Attorney-General,* 70 AD2d 750), found supported the complainant's charges.

Although the complaint has been authenticated and is of sufficient substance, since gross negligence and incompetency, albeit in general and unspecific terms, are imputed, nevertheless the challenged subpoena must be quashed for the relevancy of the material sought to the subject matter of the investigation has not been established. The subpoena does not seek to discover facts pertaining to any alleged professional misconduct endured by the complainant, whose grievance prompted the board's investigation, but rather the records of three other patients, each of whom has an unproven, and two a seemingly ancient (1974 and 1978), malpractice claim against the doctor. Since we find unacceptable the contention that because these three patients' records obviously concern the doctor's practice they are "a fortiori relevant to [the board's] investigation", we are of the view that the board has failed to carry its burden of demonstrating that the records sought bear a reasonable relationship to the misconduct charged in the complaint (*Matter of New York State Comm. on Judicial Conduct v Doe,* 61 NY2d 56, 61; *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250, 256).

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.