In the Matter of NEW YORK CITY DEPARTMENT OF INVESTIGATION, Respondent, v CAESAR PASSANNANTE et al., Appellants.

First Department, July 6, 1989

APPEARANCES OF COUNSEL

*Julian L. Kalkstein* of counsel *(Larry A. Sonnenshein* with

him on the brief; *Peter L. Zimroth, Corporation Counsel,* attorney), for respondent.

*Ronald H. Alenstein* of counsel *(Jonathan M. Landsman* with him on the brief; *Shea & Gould,* attorneys), for appellants.

### OPINION OF THE COURT

Ross, J. P.

This appeal requires us to determine the validity of a nonjudicial subpoena duces tecum issued by the New York City Department of Investigation (DOI).

From 1979 until early 1988, Mr. Caesar Passannante and his company, The Network Group, Inc. (Network), performed consulting services for the Fashion Institute of Technology (FIT), which is located at 227 West 27th Street, New York County. During that time, Mr. Passannante worked on approximately 70 projects for FIT.

On March 1, 1988, Mr. Passannante and Network were personally served, at their place of business, 116 Keeler Lane, North Salem, New York, by the DOI, with a subpoena duces tecum, which, in substance, commanded them to produce forthwith, at the offices of the DOI, every document, which was in their custody or control, relating to every project on which they had worked for FIT during a nine-year period (1979-1988).

While Mr. Passannante and Network were deciding whether to comply with the subpoena duces tecum, counsel for Mr. Passannante wrote a letter dated March 8, 1988 to DOI, in which counsel requested DOI, in substance, to describe the documents it desired, with greater particularity, identify the basis for its authority to subpoena the documents, set forth the specific subject matter of its investigation, and provide a factual basis, which indicated how the requested documents were material and relevant to the subject matter of its investigation. In response, the DOI, by letter to counsel dated March 23, 1988, described the material they desired Mr. Passannante and Network to produce, as follows: the initial contract executed between Mr. Passannante and/or Network and FIT, and any subsequent renewals to it, and all documents, which relate to Mr. Passannante's and Network's consulting work with FIT, such as memoranda, letters, expense reports, purchase requisition forms, purchase orders, and bills for merchandise.

Furthermore, the DOI, by a subsequent letter dated March 24, 1988, provided counsel with the following information about their investigation: FIT has been paid $20 million by New York City (City), and "[a]s a result of various and specific allegations received by [DOI, it was] engaged in a confidential investigation concerning, among other things, FIT, vendors and consultants doing business with FIT, and payments made by FIT to those vendors and consultants for goods or services rendered * * *. [I]t has come to [DOI's] attention that monies allegedly expended for goods and services rendered may have been accounted for in a fraudulent fashion".

When it became apparent that Mr. Passannante and Network did not intend to voluntarily turn over the documents, DOI (petitioner) moved, in August 1988, pursuant to CPLR 2308 (b), for an order to compel Mr. Passannante and Network (respondents) to comply with the subpoena duces tecum. Thereafter, the respondents cross-moved, pursuant to CPLR 2304, to quash. The IAS court disposed of the motion and cross motion by, *inter alia,* granting petitioner's motion, only to the extent of directing respondents to produce documents for 5 years instead of 9, and denying the respondents' cross motion. Respondents appealed.

Pursuant to New York City Charter (Charter), chapter 34, § 803 (b), the Commissioner of the DOI "is authorized and empowered to make any study or investigation which in his opinion may be in the best interests of the city". Furthermore, the jurisdiction of the Commissioner of the DOI extends "to any agency, officer, or employee of the city, or any person or entity doing business with the city, or any person or entity who is paid or receives money from or through the city or any agency of the city" (Charter, ch 34, § 803 [d]). Moreover, the Commissioner of DOI has the power to compel the attendance of witnesses to testify in investigations conducted by him or her (Charter, ch 34, § 805 [a]).

We recognize that these broad powers, which the Charter gives to the DOI, in the investigative area, "are of great importance for the efficient administration of the huge machinery of government in the city of New York" *(Matter of Edge Ho Holding Corp.,* 256 NY 374, 381 [1931]). However, such powers are not unlimited, since "[i]t is ancient law that no agency of government may conduct an unlimited and general inquisition into the affairs of persons within its jurisdiction solely on the prospect of possible violations of law

being discovered, especially with respect to subpoenas decus tecum" *(Matter of A'Hearn v Committee on Unlawful Practice of Law of N. Y. County Lawyers' Assn.,* 23 NY2d 916, 918 [1969], *cert denied* 395 US 959 [1969]). Significantly, we have stated "[c]ontinued fishing in otherwise apparently calm waters in the mere hope that some lead or indicia of possible wrongdoing will be uncovered is not what we believe [Charter, ch 34, § 803] intended" *(Matter of Horn Constr. Co. v Fraiman,* 34 AD2d 131, 133 [1st Dept 1970], *affd* 29 NY2d 559 [1971]).

The fact that respondents were not employed by the City does not shield them from DOI's investigative power, contained in Charter, chapter 34, § 803, which was discussed *supra.* We held in *Matter of Weintraub v Fraiman* (30 AD2d 784, 785 [1st Dept 1968], *affd* 24 NY2d 918 [1969]), that this investigative power "by logical extension * * * reaches any person, even though unconnected with city employment, when there are grounds present to sustain a belief such person has information relative to the subject matter of the investigation".

An administrative subpoena duces tecum, such as the one herein issued by the DOI to the respondents, is commonly referred to as a nonjudicial or office subpoena.

In *Virag v Hynes* (54 NY2d 437, 441-442 [1981]), the Court of Appeals stated "that there is a fundamental distinction between a nonjudicial, 'office' subpoena and a Grand Jury subpoena", since, in the case of an office subpoena a witness is "examined pursuant to it without direct judicial supervision", and, therefore, if a motion is made to quash an office subpoena "it is incumbent upon the issuer to come forward with a 'factual basis' which establishes the relevancy of the items sought to the subject matter of the investigation before a witness will be compelled to comply with the subpoena's mandate".

Although we find that the Commissioner of DOI, like this State's Attorney-General, when defending a subpoena duces tecum he or she has issued, which is challenged by a motion to quash, "enjoys a presumption that he [or she] is acting in good faith *(Matter of Ryan v Lefkowitz,* 26 AD2d 604, *affd* 18 NY2d 977)" *(Anheuser-Busch, Inc. v Abrams,* 71 NY2d 327, 332 [1988]), nevertheless, the Court of Appeals has "repeatedly stated that a witness subject to a 'non-judicial' subpoena duces tecum may always challenge the subpoena in court on the ground it calls for irrelevant or immaterial documents or

subjects the witness to harassment" *(Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250, 256 [1973]).

Our examination of the DOI letter, dated March 24, 1988, discussed *supra,* which provided counsel for respondents with details of the investigation, indicates that the DOI simply stated that, based upon information it had received from unidentified sources, it was conducting a confidential investigation into allegations of fraud concerning "FIT, and payments made by FIT to * * * vendors and consultants for goods or services rendered". Besides this letter, we do not find anything in the record that indicates the details of the DOI investigation.

It has been held that in order "[t]o justify a nonjudicial investigatory subpoena duces tecum, there must be a threshold showing that the underlying complaint is authentic, that it is of sufficient substance to warrant investigation and that the documents sought are relevant to that investigation *(Matter of Levin v Murawski,* 59 NY2d 35). As for the complaint's authenticity, that may be found in the substance of the complaint itself or it may be independently supplied *(Matter of Levin v Murawski, supra,* p 42)" *(Matter of D. v Guest,* 105 AD2d 915, 916 [1984], *lv denied* 64 NY2d 607 [1985]). Of course, the showing required by the courts "will depend on the breadth of the subpoena and the status of the investigation at the time the subpoena issues" *(Myerson v Lentini Bros. Moving & Stor. Co., supra,* at 257).

We have found valid "subpoenas calling for 'all documents' or 'all papers' or 'writings of any kind' with respect to a particular subject * * * so long as the information sought is reasonably related to a proper area of investigation" *(Big Apple Concrete Corp. v Abrams,* 103 AD2d 609, 614 [1st Dept 1984]).

As mentioned *supra,* the only details of the investigation that DOI offers as the " 'factual basis' " *(Virag v Hynes, supra,* at 441-442) to justify the instant subpoena duces tecum is the assertion that the investigation is based on the receipt of "various and specific allegations", which are not identified by DOI, as to source or content. The Court of Appeals held in *Matter of Napatco v Lefkowitz* (43 NY2d 884, 885 [1978]), that "it is fatal [if] there is no evidence of any sufficient factual predicate to support the subpoena". Furthermore, subpoenas

duces tecum have been quashed, when the only showing made by the issuing body "is a bare recital of the receipt of 'a complaint', with no identifying or authenticating detail" *(Matter of Levin v Murawski,* 59 NY2d 35, 42 [1983]).

Applying the legal authority, *supra,* to the subpoena duces tecum before us, we find that it cannot be sustained, since the only showing made by DOI "is a bare recital of the receipt of [various and specific allegations], with no identifying or authenticating detail. This will not suffice" *(Matter of Levin v Murawski, supra,* at 42). Therefore, we further find the IAS court erred.

If we were to accept DOI's position relative to its jurisdiction, it would then be apparent that DOI can subpoena anyone, or any agency that receives money from a private entity that receives some money from the City. It is apparent to this writer that more is required before DOI may so proceed, as there are not only the obvious entities receiving money from the City, such as the telephone companies and Con Edison, but literally thousands of health facilities, and child care agencies, who in turn do business with private entities. That is not to say, that DOI, in conducting a valid investigation, should be prevented from obtaining documents from outside entities, as may be necessary. What is required, is that an appropriate presentation be made to warrant compliance with such a subpoena duces tecum. The mere recital of the receipt of allegations, without more, will not suffice. It is our position in this matter that DOI has failed to demonstrate the appropriate facts to sustain their subpoena duces tecum.

We have considered the other contentions of the parties, and we find them without merit.

Accordingly, order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered January 6, 1989, which, *inter alia,* granted the motion of petitioner, New York City Department of Investigation, to compel respondents, Mr. Caesar Passannante and The Network Group, Inc. to comply with a subpoena duces tecum, and denied the cross motion to quash of respondents, should be unanimously reversed to the extent appealed from, on the law and on the facts, motion denied, and cross motion to quash subpoena duces tecum granted, without costs.

CARRO, MILONAS and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered on January 6, 1989, unanimously reversed to the extent appealed from, on the law and on the facts, without costs and without disbursements, the motion denied and the cross motion to quash the subpoena duces tecum granted.