■ C.S.A. Contracting Corp. et al., Appellants, v Edward Stancik, Respondent. [686 NYS2d 424] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), entered May 1, 1998, which, insofar as appealed from, enforced a subpoena issued by respondent Special Commissioner of Investigation for the New York City School District demanding

petitioner's production of various documents relating to its work as a removal and disposal subcontractor on a lead abatement project at City schools, unanimously affirmed, without costs.

The IAS Court correctly held that respondent has authority to issue an investigatory subpoena not just to officers and employees of City schools and City agencies (Mayor's Executive Order No. 11, June 28, 1990, § 3 [c]), but also to a company, such as petitioner, that, while not in contractual privity with the Board of Education, worked on a Board of Education project as a subcontractor and is suspected of misconduct in connection therewith (id., § 3 [a], [b]; NY City Charter § 803 [d]; see, Matter of City Dept. of Investigation v Passannante, 148 AD2d 101, 104). Statements made by petitioner's president to respondent's investigators fairly construable as admissions that false documentation had been submitted in connection with petitioner's work provided a factual basis for the investigation. The materials sought (e.g., documents relating to petitioner's contractual relationship to and contacts with the main contractor and the Board of Education, invoices, time sheets, payroll records, lead testing reports, employee lead blood-level tests and employee lead abatement handler certifications) are relevant to the matters under investigation (submission of false or questionable waste shipment manifests, payroll reports, laboratory reports, and personnel qualifications). We have considered petitioner's other arguments and find them unpersuasive. Concur—Ellerin, P. J., Rubin, Mazzarelli and Saxe, JJ.