■ ANTHONY ORLOSKI, Individually and as Executor of KATHRYN A. ORLOSKI, Deceased, Appellant, v FE T. McCARTHY et al., Respondents. [710 NYS2d 691] —Cardona, P. J. Appeals (1) from two judgments of the Supreme Court (Hughes, J.), entered February 4, 1999 and April 19, 1999 in Albany County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered May 17, 1999 in Albany County, which denied plaintiff's motion to set aside the verdict.

In April 1987, defendant Fe Teresa McCarthy performed a total hysterectomy on Kathryn A. Orloski (hereinafter decedent) at a hospital owned by defendant Bellevue Maternity Hospital Inc. In December 1987, decedent was diagnosed with colorectal cancer. Thereafter, she and plaintiff, her husband, commenced this medical malpractice action against defendants alleging, *inter alia*, failure to properly diagnose. Decedent gave testimony at a videotaped deposition in December 1989 but subsequently died in February 1992.

At trial, the jury was permitted to view decedent's videotaped deposition during which she stated that she had complained of rectal bleeding while in the hospital following her hysterectomy and also alerted McCarthy of this condition. Contrary testimony was given by various witnesses called by defendants. At the close of evidence, Supreme Court declined to instruct the jury, based upon *Noseworthy v City of New York* (298 NY 76), that plaintiff bore a lesser burden of proof because decedent had died prior to trial. The court also denied plaintiff's request to give a specific interested witness charge with regard to the testimony of Anne Hart Usher, McCarthy's physician's assistant. The jury rendered a verdict of no cause of action and Supreme Court denied plaintiff's motion to set aside the verdict, resulting in these appeals.

Initially, we find no merit to plaintiff's claim that Supreme Court committed reversible error by failing to give a charge to the jury based upon *Noseworthy v City of New York (supra)*. Pursuant to that case, a party who has died or is incapacitated as a result of alleged negligent acts of a defendant is held to a lesser burden of proof in establishing his or her right to recovery (*see, Holiday v Huntington Hosp.*, 164 AD2d 424, 427). " 'The rationale * * * is that the decedent is not available to describe the occurrence and that it is unfair to permit the defendant, who has knowledge of the facts, to benefit by standing mute' " (*Bochnak v Mackes*, 159 AD2d 882, 884, *lv denied* 76 NY2d 706, quoting 1 NY PJI2d 38; *see, Holiday v Huntington Hosp., supra*, at 427). The rule, however, has no application where the plaintiff and the defendant have equal access to the facts surrounding the decedent's death (*see, Walsh v Murphy*, 267 AD2d 172; *Gayle v City of New York*, 256 AD2d 541, 542; *Wright v New York City Hous. Auth.*, 208 AD2d 327, 332).

In the instant case, a primary issue to be determined was whether decedent complained of rectal bleeding to the doctors and nurses who treated her in connection with her hysterectomy, which was performed seven months prior to the colorectal cancer diagnosis. Plaintiff argues that because decedent

died prior to the trial, he was unable to effectively rebut the testimonies of McCarthy, Usher or treating nurses, Patti-Jo Ferraro and Deborah Sager, on this issue.

Under the circumstances herein, decedent was, in effect, available to testify before the jury inasmuch as her videotaped deposition was presented at the trial. During the deposition, decedent stated that she informed the nurses at the hospital that she experienced rectal bleeding following her surgery and also conveyed this information to McCarthy. Although McCarthy and the nurses gave contrary testimony, this presented a question of credibility for the jury to resolve. The issue of whether decedent gave defendants notice of symptoms indicative of colorectal cancer at a time when measures could have been taken to successfully prevent progression of the disease is a matter on which both plaintiff and defendants had equal access to the facts. Under these circumstances, we agree with Supreme Court that a *Noseworthy* charge was inappropriate.

Plaintiff also takes issue with Supreme Court's failure to give the jury his proposed interested witness charge with respect to Usher's testimony. The charge request inaccurately represented that Usher was an employee of McCarthy's when, in fact, she no longer worked for McCarthy at the time of trial. At the charge conference, Supreme Court noted the inaccuracy and advised plaintiff's attorney that it would instruct the jury to consider Usher's status as a former employee in evaluating her testimony. Under the circumstances, we find that the charge was proper (*see, Coleman v New York City Tr. Auth.*, 37 NY2d 137, 142).

Plaintiff also contends that Supreme Court erred in permitting nurses Ferraro and Sager to testify as to their custom in documenting patient complaints and maintaining medical records. Plaintiff further argues that it was error to allow Robert Dropkin, McCarthy's medical expert, to testify as to the procedure Jonathan Schwartz followed in performing a routine rectal examination on decedent when rendering a second opinion. We find these claims unpersuasive. Ferraro and Sager each stated that they had no independent recollection of caring for decedent in the hospital. Their testimonies as to the treatment provided were based upon the notations or the lack thereof contained in decedent's medical records. It was in that context that they related the practice they typically followed in registering patient complaints. Likewise, Dropkin's description of a routine rectal examination was provided in connection with his testimony concerning what Schwartz would have done under generally accepted medical practice. Given the context in which the chal-

lenged statements were made, we do not find that Supreme Court erred in admitting such testimony at trial (*see, e.g., Soltis v State of New York*, 188 AD2d 201; *compare, Glusaskas v Hutchinson*, 148 AD2d 203).

Finally, plaintiff argues that Supreme Court erred when it partially quashed a subpoena served upon Bellevue prior to the commencement of trial. Insofar as the subpoena sought certain items that did not exist (items 8, 9, 11 and 13), it was properly quashed (*see, Pagan v City of New York*, 180 AD2d 545). Moreover, absent a showing of relevance to the issues to be raised during the trial, Supreme Court appropriately denied plaintiff's request for the production of the 1987 Joint Commission Accreditation Manual for Hospitals (item 4) and the State Department of Health's Statements of Deficiencies and Plans of Correction for the years 1983-1987 (item 14) (*see, Matter of Dr. D. v Guest*, 105 AD2d 915, 916, *lv denied* 64 NY2d 607). We have considered plaintiff's remaining contentions and find them unpersuasive.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgments and order are affirmed, without costs.