■ 3134 EAST TREMONT CORPORATION, Respondent, v 3100 TREMONT ASSOCIATES, INC., Appellant. [830 NYS2d 538]—Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 21, 2006, which, after a nonjury trial, awarded plaintiff specific performance and directed defendant to deliver to plaintiff a deed for the land and the building at issue pursuant to the terms of the parties' lease and rider, unanimously affirmed, with costs.

Although it took extrinsic evidence, the trial court properly concluded that "[r]esolution of this matter only requires a review of the terms of the lease." The evidence adduced, fairly interpreted, permitted the trial court to conclude the matter as it did (see Horsford v Bacott, 32 AD3d 310, 312 [2006], lv granted 2006 NY Slip Op 77539[U], 2006 NY App Div LEXIS 12344 [2006]), and, in particular, allowed it to find that the option at issue pertained to both the building and the land, not just the building, as defendant contended.

It cannot be determined from the record whether the court drew an adverse witness inference. In any case, defendant's request for such an inference was not timely (see Thomas v Triborough Bridge & Tunnel Auth., 270 AD2d 336 [2000]), and was not adequately supported. Defendant did not demonstrate that the potential witness was available to plaintiff or under its control, and did not explain why it, defendant, had not subpoenaed the purportedly missing witness (cf. Crowder v Wells & Wells Equip., Inc., 11 AD3d 360 [2004]). Concur—Andrias, J.P., Sullivan, Williams, Sweeny and Malone, JJ.