OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about February 21, 2006, reversed, with $30 costs, and final judgment awarded in favor of tenant dismissing the holdover petition. The clerk is directed to enter judgment accordingly.
This nonprimary residence holdover proceeding, commenced in March 2003, is founded upon allegations that tenant made only sporadic use of the subject West 57th Street stabilized apartment for the one-year period from October 2001 to October 2002, during which tenant was married to a New Jersey domiciliary. The trial evidence unassailably shows that tenant had no ownership or proprietary interest in her (now) former husband’s Little Silver, New Jersey, residence or any other property; that tenant continuously resided in the Manhattan apartment for more than eight years before she was married; that during her short-lived marriage tenant kept most of her furniture and personal belongings in the apartment, did not sublet the apartment, and received her mail there, including bank and credit card statements; and that tenant resumed full-time occupancy of the apartment, at the latest, by October 2002, roughly six months prior to the expiration of her most recent renewal lease. Considering the entire history of the tenancy {see 615 Co. v Mikeska, 75 NY2d 987 [1990]) and applying the settled principle that a husband and wife can maintain two separate primary residences (see e.g. Matter of Rose Assoc. v State Div. of Hous. & Community Renewal, Off. of Rent Admin., 121 AD2d 185 [1986], lv denied 69 NY2d 601 [1986]), we conclude that landlord failed to meet its burden of establishing nonprimary residency. The record evidence failed to establish that, at the time the notice of termination was served in mid-December of 2002, well after the dissolution of tenant’s brief marriage and her resumption of full-time occupancy in the subject apartment, the apartment was not the tenant’s primary residence (see generally Ascot Realty LLC v Richstone, 10 AD3d 513, 514 [2004]).
In view of our dismissal of the holdover petition, we have no occasion to consider whether the trial court’s erroneous, sua sponte rulings in determining that a current employee of the landlord’s management firm was a disinterested witness (see Rountree v Manhattan & Bronx Surface Tr. Operating Auth., *73 261 AD2d 324, 327-328 [1999], lv denied 94 NY2d 754 [1999]; Orloski v McCarthy, 274 AD2d 633, 635 [2000], lv denied 95 NY2d 767 [2000]) and in drawing a negative inference from tenant’s failure to subpoena her ex-husband or call him as a witness (see 3134 E. Tremont Corp. v 3100 Tremont Assoc., Inc., 37 AD3d 340 [2007]), were sufficiently prejudicial to warrant a new trial.
McKeon, EJ., Davis and Schoenfeld, JJ., concur.