*789 OPINION OF THE COURT
James D. Pacones, J.
The petitioner moves for an order pursuant to CPLR 2308 (b) compelling the respondent, Rodwell Rillen, DM^ to comply with a subpoena ad testificandum. The respondent opposes the instant application. For the reasons set forth herein, it is ordered that the petitioner’s application is granted.
The Attorney General is permitted broad authority to conduct investigations, based on the complaint of others or on his own information, with respect to fraudulent or illegal business practices. (Matter of Napatco, Inc. v Lefkowitz, 43 NY2d 884 [1978].) In the furtherance thereof, the Attorney General is authorized to issue subpoenas in accordance with the Civil Practice Law and Rules. (Executive Law § 63; id. at 885.)
The Attorney General has established a sufficient basis to warrant the issuance of the subpoena to the respondent requiring him to appear and give testimony. As noted in the affirmation of petitioner’s attorney, the Attorney General has received dozens of complaints from consumers alleging deceptive and illegal practices by persons at Pet Fashion in the sale of pet dogs. Among the allegations is that puppies were certified as healthy and appropriate for sale despite the puppies being ill with communicable diseases. The respondent served as the veterinarian for Pet Fashion for an unknown period of time. Therefore, this court finds that the Attorney General has established a sufficient basis for subpoenaing the respondent for questioning.
The respondent’s reliance on Napatco and Myerson v Lentini Bros. Moving & Stor. Co. (33 NY2d 250 [1973]) for the proposition that documentary evidence must be supplied by the Attorney General to validate his subpoena is misplaced. In Napatco, the Court of Appeals found that the Attorney General’s failure to provide evidence in the record of third-party complaints is not fatal to a subpoena issued under subdivision 12 of section 63 of the Executive Law. Instead, the Court held that the absence of any factual predicate is fatal to the subpoenas. (43 NY2d 884, 885 [1978].) Similarly, the Myerson case, which dealt with a subpoena duces tecum and not a subpoena ad testificandum,* stands for the proposition that there must be some basis for inquisitorial action and that the *790 scope of the subpoena and the basis for its issuance must be more than isolated or rare complaints by disgruntled customers. (33 NY2d 250 [1973].) These holdings cannot be expanded, as suggested by the respondent, to impose a requirement on the Attorney General to provide documentary evidence to support his investigation. It is sufficient for the purpose of determining the validity of a subpoena issued pursuant to the Executive Law that the Attorney General has set forth the basis for his investigation in sufficient detail in an attorney affirmation.
The respondent’s foreboding admonitions as to the potential evisceration of the respondent’s constitutional rights are unwarranted as the respondent remains entitled to object to or refuse to answer certain questions based on CPLR 3115 and 22 NYCRR 221.1 and 221.2. The respondent’s remaining contentions are also unsupported by the law. Therefore, it is ordered that the petitioner’s application is granted and the respondent, Rodwell Rillen, DMV] is directed to appear for questioning at the office of the Attorney General of the State of New York, One Civic Center Plaza, Suite 401, within 30 days of the date of this order. Adjournments are only granted with leave of the court.

 The respondent also cites to Matter of D’Alimonte v Kuriansky (144 AD2d 737 [3d Dept 1998]). This case is not applicable to the instant proceeding as it dealt solely with the specificity required of a subpoena duces tecum.