■ MIRIAM GOLDFARB et al., Respondents, v SEYMOUR TEITELBAUM, Appellant.—In an action to recover damages for personal injuries, etc., stemming from dental malpractice, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered January 28, 1988, as denied those branches of his motion which were for summary judgment dismissing the plaintiff's second and third causes of action to recover damages for products liability and breach of implied warranty, respectively.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed in its entirety.

The plaintiff Miriam Goldfarb seeks damages for alleged injuries caused by an allegedly defective mandibular prosthesis inserted into her mouth by the defendant dentist. Her theories of liability sound in dental malpractice, strict products liability and breach of warranty. A loss of services cause of action is also pleaded by her husband Allan Goldfarb. The cause of action sounding in dental malpractice has already been dismissed based on the Statute of Limitations and the defendant contends the other causes of should also have been dismissed on that basis. We agree that the remaining causes of action should have been dismissed, but for different reasons *(see,* CPLR 3212 [b]).

The record is clear that the plaintiff Miriam Goldfarb sought treatment from the defendant in order to have her teeth capped. As a part of the procedure, the mandibular prosthesis was required. The placing of the prosthesis in Mrs. Goldfarb's mouth did not constitute a "sale" of the device as required for a cause of action sounding in products liability and breach of warranty *(see, Milau Assocs. v North Ave. Dev. Corp.,* 42 NY2d 482; *Perlmutter v Beth David Hosp.,* 308 NY 100). The insertion of the prosthetic device was only a procedure incidental to medical treatment *(see, Perlmutter v Beth David Hosp., supra; Probst v Einstein Med. Center,* 82 AD2d 739; *Osborn v Kelley,* 61 AD2d 367). Hence, the plaintiffs have failed to set forth a valid cause of action sounding in either breach of warranty or products liability.

We note that since all of Mrs. Goldfarb's causes of action have been dismissed, the derivative cause of action must also fail. Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.