(February 13, 1990)

■ ANTHONY BETRO, JR., an Infant, by His Mother and Natural Guardian, PATRICIA BETRO, et al., Plaintiffs, v GAC INTERNATIONAL, INC., Defendant and Third-Party Plaintiff-Respondent. P. CAIN, Third-Party Defendant-Appellant.—

We agree with the third-party defendant orthodontist Dr. Cain that the third-party plaintiff, who distributed the dental device which allegedly caused the infant plaintiff's injury, has failed to come forward with evidentiary facts which show that a triable issue exists as to the allegations of negligence on the part of Dr. Cain (see, Zuckerman v City of New York, 49 NY2d 557). The record does not indicate that Dr. Cain was negligent in prescribing the night brace distributed by the third-party

plaintiff. Nor could Dr. Cain be held liable under a theory of breach of warranty or products liability. The prescription of the night brace did not constitute a "sale" of the device which is required in order to state a cause of action sounding in products liability and breach of warranty, but was merely a procedure incidental to medical treatment *(see, Perlmutter v Beth David Hosp.,* 308 NY 100; *Goldfarb v Teitelbaum,* 149 AD2d 566). Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.