■ ACOLYTE ELECTRIC CORPORATION, Appellant, v CITY OF NEW YORK et al., Respondents.—Order of the Supreme Court,

New York County (Ira Gammerman, J.), entered on or about July 6, 1989, which, *inter alia,* granted the defendants' motion for summary judgment dismissing the plaintiff's third, fourth, fifth and seventh through twelfth causes of action, and alternatively dismissed the third, fifth and tenth causes of action pursuant to CPLR 3126, unanimously affirmed, without costs, for the reasons stated by Gammerman, J.

Plaintiff, an electrical contractor specializing in the maintenance of municipal streetlights and traffic signals, sued the city and the Commissioners of the Departments of Transportation and General Services for damages arising out of the performance of three contracts, a traffic signal contract (T84-202/SM), an electrical construction contract (MJ-317), and a streetlight contract (MJ-276). Causes of action one through six refer to the traffic signal contract, causes of action seven and eight relate to the electrical construction contract, and causes of action nine through twelve were brought under the streetlight contract. Causes of action one, two and six have been settled.

Causes of action three, five and ten seek to recover liquidated damages assessed by the city pursuant to contract as a result of plaintiff's alleged failure to render timely repairs. The court acted within its discretion in granting the city's motion to dismiss the third, fifth and tenth causes of action pursuant to CPLR 3126 based on plaintiff's destruction, after service of the notice of claim, of its "riding sheets", records maintained by plaintiff's repairmen, including handwritten entries of arrival and completion time for all repairs. In addition to rendering disclosure impossible, plaintiff failed to promptly move for a protective order pursuant to CPLR 3103, giving rise to a negative inference that the documents were purposely destroyed because they would not have supported plaintiff's claims *(see, Anteri v NRS Constr. Corp.,* 117 AD2d 696). In any event, given the plaintiff's failure to come forward with proof that the city had improperly assessed liquidated damages, summary judgment pursuant to CPLR 3212 was properly granted as to the third, fifth and tenth causes of action.

Plaintiff's fourth cause of action sought damages for breach of contract for work it claimed was not contemplated by the contract, e.g., $660,748.82 due to the failure of the city to properly screen repair calls, and other sums each in excess of $100,000 for maintenance of Siklos Interface Units, Con Edison power failures, malfunctions of telephone company lines and material shortages. However, section 17 of the detail

specifications of the traffic signal contract provides that the Department of Transportation would transfer *all* maintenance calls to the plaintiff, which would in turn investigate and report back on their disposition, using repair codes referring specifically to the very categories which plaintiff claims as the basis for its entitlement to compensation for extra work. As performance under these circumstances was contemplated by the contract, the plaintiff is not entitled to additional compensation *(Van Deloo v Moreland,* 84 AD2d 871). Although plaintiff argues that its claim was not for "extra work" within the meaning of the contract, the affidavit of John M. Manganiello, plaintiff's president, in opposition to the city's summary judgment motion, clearly alleges that plaintiff was caused to "expend * * * unanticipated labor, materials and other attendant costs".

We have considered the other arguments raised by the plaintiff and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.