■ ANNIE STRELOV, Respondent, v HERTZ CORPORATION, Appellant.—Order, Supreme Court, New York County (William J. Davis, J.), entered May 29, 1990, which granted plaintiff's motion pursuant to CPLR 3126 to preclude defendant from offering evidence on the issue of liability, unanimously modified, on the law, the facts and in the exercise of discretion, to limit the preclusion order only to possible defects in the automobile component parts that are no longer available for inspection, and otherwise affirmed, without costs.

Plaintiff was injured on October 31, 1986, when a rented automobile that she was driving, owned by the defendant Hertz, spun out of control and overturned. Upon her admission to the hospital, plaintiff reported that the accident was caused by a tire blowout. Hertz was notified of the accident by plaintiff's son, an attorney, who stated that he was representing the plaintiff, and that the accident may have been caused by a tire blowout.

In March, 1987, plaintiff commenced suit, represented by new counsel. In April, 1987, plaintiff asserted in her bill of particulars that Hertz was negligent in failing to properly inspect the car's steering and brakes. On March 22, 1988, plaintiff testified at an EBT that the car suddenly spun out of control, and while it was spinning she "could not move the wheel, it was a complete lock." On that same date, a Hertz representative testified that the car was in "an official legal hold status" and would remain so "until it is released from that legal hold status." At the conclusion of the EBT, plaintiff requested of defense counsel and the Hertz representative that the car remain in legal hold status, that plaintiff be given notice of any inspection by Hertz of the car's component parts, and that plaintiff be notified when the car would be available for inspection by the plaintiff. Hertz responded that those requests, and others, would be taken "under advisement."

On October 26, 1988, Hertz sold the automobile, except for the tires, at auction as salvage. Plaintiff was given no prior notice of this event, and at several subsequent appearances before a Judicial Hearing Officer, at which discovery and inspection were discussed, plaintiff was not notified that the car was no longer available for inspection. On May 26, 1989, Hertz advised plaintiff that the car had been sold. Plaintiff moved pursuant to CPLR 3126 to preclude Hertz from offering *any evidence* in defense of the suit, and the court granted the motion on the issue of liability.

Hertz argues that preclusion was too drastic a remedy since

the circumstances demonstrate that it acted in good faith, preserving the tires which had been indicated as the cause of the accident, and that it was guilty at most of negligent " 'law office and claims adjuster failure' " *(Ramos v DeMond,* 127 AD2d 751, 753). We agree with the Supreme Court that Hertz could not thrust upon plaintiff a theory of liability by saving only the tires and discarding the vehicle, and that Hertz may reasonably be charged with notice that plaintiff had implicated the car's steering and braking mechanisms in her bill of particulars, and had requested that the car be held for inspection.

That the car was destroyed before a formal notice or order to produce was served does not preclude sanctions under CPLR 3126 (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3126.05, at 31-476.24—31-476.25). We nevertheless find the preclusion order to be overly broad in view of the fact that the car's tires were retained for inspection. The order is accordingly modified to limit the preclusion order only to possible defects in the automobile component parts that are no longer available for inspection, and otherwise affirmed. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Smith, JJ.