■ FELICITA PAGAN, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 16, 1991, which denied plaintiff's motion to strike defendant's answer, and granted defendant City Housing Authority's motion to quash plaintiff's subpoena duces tecum, unanimously affirmed, without costs.

When plainitff obtained a prior order compelling defendant to produce documents, defendant's response was a brief and conclusory statement that the documents were unavailable, whereupon the IAS court conditionally struck defendant's answer unless it complied with the request or submitted a detailed affidavit by a person with knowledge describing the efforts made to locate the documents and explaining why they could not be found. In response to this order, defendant submitted the affidavit of a privately retained investigator, who provided the details of a three-day search for the documents, specifically identifying the places searched and the employees with whom the search was conducted, and asserting specifically with respect to each of the requested items that it had been destroyed or was otherwise not in existence. Such sufficed to show that defendant's noncompliance was not willful, and the extreme sanction of striking its answer was properly rejected *(see, Dauria v City of New York,* 127 AD2d 459).

After plaintiff filed a note of issue and statement of readiness certifying that disclosure was complete, she served the subject subpoena seeking items that had been sought in her notice of discovery and inspection. While a subpoena is different from pretrial discovery in that it may be served after a statement of readiness is filed, and ordinarily should not be quashed except upon demonstration that it seeks material utterly irrelevant to any proper inquiry *(see, Ayubo v Eastman Kodak Co.,* 158 AD2d 641), it was not an abuse of discretion to quash a subpoena seeking items that were specifically sought in discovery represented to be complete by plaintiff herself, and that were shown by defendant to be nonexistent. Concur —Carro, J. P., Milonas, Ellerin and Ross, JJ.