■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY WONG, Appellant. [599 NYS2d 957] —Judgment, Supreme Court, New York County (Richard Failla, J.), rendered January 23, 1991, convicting defendant, upon his guilty plea, of attempted murder in the second degree and robbery in the first degree, and sentencing him to two concurrent terms of 6 to 18 years, unanimously affirmed.

As part of his negotiated plea, the record demonstrates that defendant knowingly, voluntarily and intelligently waived his right to appeal his sentence (People v Seaberg, 74 NY2d 1). We also note that any claimed confusion which occurred at sentencing did not invalidate the previously entered effective waiver (see, People v Moissett, 76 NY2d 909). Thus, defendant's claim of excessiveness of sentence has been superseded by the waiver (People v Callahan, 80 NY2d 273, 285). Were we to review defendant's sentence in the interest of justice, we would find no merit to defendant's claim. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Asch, JJ.

■ GENERALI INSURANCE COMPANY OF TRIESTE AND VENICE et al., Respondents, v HONEYWELL, INC., Appellant, and MIDCO INTERNATIONAL, INC., et al., Respondents. [599 NYS2d 254] — Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 22, 1992, which, inter alia, denied the cross-motion seeking to compel the deposition of plaintiff Generali's expert witness, Peter Vallas Associates, unanimously affirmed, with costs.

The IAS Court properly determined that no "special circumstances" or conditions existed pursuant to CPLR 3101 (d) (1) (iii) warranting the deposition of plaintiff's expert witness in connection with an explosion in the basement of the insured premises, where, as here, the material physical evidence, an allegedly defective gas valve manufactured by defendant Honeywell, which allegedly caused the explosion, had not been "lost or destroyed before the other side has had an opportunity to conduct its own expert inspection" (Rosario v General Motors Corp., 148 AD2d 108, 109). On the contrary, here Honeywell, Inc. was afforded an extensive opportunity to inspect and test the allegedly faulty gas valve and had been granted access to several pre-litigation reports, prepared by Consolidated Edison and the plaintiff's expert witness as to the cause of the explosion. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Asch, JJ.