■ TAMMY B. HUGHES et al., Appellants, v ATLANTIC OLDSMOBILE, LTD., et al., Respondents. [608 NYS2d 522] —In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal, as limited by their brief, from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated January 6, 1992, which, inter alia, granted the motion by the defendant Atlantic Oldsmobile, Ltd. for summary judgment dismissing the complaint insofar as it is asserted against it, granted the cross motion by the defendant Tom's Colonial for summary judgment dismissing the complaint insofar as it is asserted against it, and upon searching the record, dismissed the complaint insofar as it is asserted against the defendant Nationwide Safti-Brake Center, (2) a judgment of the same

court, entered March 27, 1992, which, *inter alia,* dismissed the complaint, and (3) so much of an order of the same court dated June 12, 1992, as, upon reargument, adhered to the determination in the order dated January 6, 1992.

Ordered that the appeals from the order dated January 6, 1992, and the judgment are dismissed, as the order dated January 6, 1992, and the judgment were superseded by the order dated June 12, 1992; and it is further,

Ordered that the order dated June 12, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

On May 17, 1989, Jimmie B. Hughes suffered severe injuries and subsequently died following an engine fire in his car. Hughes had bought the car as a used car from the defendant Atlantic Oldsmobile, Ltd. (hereinafter Atlantic), and in the months before the fire the car had undergone repairs by Atlantic, as well as by the defendants Nationwide Safti-Brake Center (hereinafter Nationwide) and Tom's Colonial (hereinafter Tom's).

In the ensuing lawsuit brought by the decedent's survivors, the court issued an order directing the plaintiffs to preserve the car for inspection by the defendants' experts. Notwithstanding this directive, when the defendants' experts examined the car on November 29, 1990, they found that several parts had been removed. A subsequent motion for summary judgment was granted by order dated April 9, 1991, to the extent, *inter alia,* that the plaintiffs were ordered to produce for further examination, photographing, testing, etc., all the removed and/or altered vehicle parts. Upon renewed inspection, the defendants found that many of the missing parts were still not produced, while some of those that were tendered did not belong to the subject car.

Under these circumstances, where the plaintiffs have deliberately removed and replaced evidence in defiance of two court orders, thereby hopelessly prejudicing the defense, we find that the court was faced with no viable sanction alternative, and therefore properly dismissed the complaint pursuant to CPLR 3126 (3) *(see, Hyosung [Am.] v Woodcrest Fabrics,* 106 AD2d 298; *Ferraro v Koncal Assocs.,* 97 AD2d 429). Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.