■ WILLIAM HALLOCK, Respondent, v DAVID BOGART et al., Appellants. [614 NYS2d 651] —Crew III, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered March 31, 1993 in Washington County, which granted plaintiff's motion to strike a portion of defendants' answer, and (2) from an order of said court, entered July 12, 1993 in Washington County, which denied defendants' motion for reconsideration.

Defendants purchased real property from plaintiff which consisted of a residence and a garage. The garage was attached to plaintiff's home, sharing a common wall. On December 12, 1990, defendant David Bogart was using a portable welder in the garage to weld a plow frame to a garden tractor. During the day, Bogart had turned on a battery charger to charge an automobile battery. When Bogart completed his welding operation he left the garage, leaving the battery charger on, and he and his wife left the premises to do some shopping. Upon returning to their home, they found their garage in flames. The fire destroyed defendants' garage and damaged plaintiff's home.

On December 26, 1990 Ralph Fuente, a fire investigator retained by defendants' fire insurance carrier, visited the scene to determine the cause and origin of the fire. Based upon his investigation, Fuente opined that the fire was accidental in nature and of an electrical origin, due to either the battery charger's power cord or the duplex electrical outlet into which it was plugged. Fuente was not able to locate the power cord or the electrical outlet, but he did examine the battery charger and determined that it had not malfunctioned and was not a contributory cause of the fire. Because he did not believe the battery charger was a cause of the fire, Fuente did not preserve it for subsequent examination. A short time later and some 11 months prior to the instant litigation, Bogart hired a contractor to clean up and dispose of the debris left by the fire, which apparently included the battery charger.

In December 1991, plaintiff commenced this negligence action for damage to his property by reason of the fire. Plaintiff contends that the fire was caused by Bogart's careless arc welding. During the course of the litigation, plaintiff's counsel served a demand for expert witnesses upon the attorneys for defendants and thereby discovered that Fuente was

to testify that the cause of the fire was the result of the battery charger's power cord or the electrical outlet into which it was plugged. Counsel then sought examination of the battery charger and, upon learning that it had not been preserved, moved pursuant to CPLR 3126 for an order striking those portions of defendants' answer which denied the allegations of negligence in plaintiff's complaint. Supreme Court granted the motion and this appeal by defendants ensued.

There must be a reversal. Defendants seem to contend that the provisions of CPLR 3126 are inapplicable to this case because there was neither a court order requiring disclosure nor a notice to disclose the evidence in question. We disagree. The fact that relevant information is destroyed before a notice or order to produce is served does not preclude application of sanctions under CPLR 3126 (see, Strelov v Hertz Corp., 171 AD2d 420). Indeed, it has been suggested that if a party deliberately destroys evidence because he or she knows it will be required in anticipated litigation, the penalties of CPLR 3126 may be applied (see, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3126.05). Nevertheless, even assuming that the provisions of CPLR 3126 are applicable to the facts of this case, the record is bereft of any evidence that defendants deliberately disposed of the battery charger knowing that it would be required in future litigation. Furthermore, we agree with defendants that the existence of the battery charger is not relevant to the issues at bar. Defendants' expert asserts that the battery charger did not malfunction and was not the cause of the fire, and plaintiff contends that defendants' arc welder, not the battery charger, was the cause of the fire. And while defendants claim that the power cord to the battery charger or the electrical outlet into which it was plugged was the cause of the fire, the evidence reveals that those items were never recovered and therefore could not be produced.

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the orders are reversed, on the law, with costs, and plaintiff's motion to strike a portion of defendants' answer denied.