■ KENNETH BERWECKY et al., Respondents, v MONTGOMERY WARD, INC. et al., Appellants. [625 NYS2d 725] —Cardona, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered April 21, 1994 in Ulster County, which denied defendants' motion for, inter alia, an order of preclusion.

On October 18, 1988, plaintiffs' home suffered extensive damage as the result of a fire originating in the vicinity of their kitchen refrigerator. Plaintiffs commenced this action against defendant Montgomery Ward & Company, from whom plaintiffs had purchased the refrigerator, and defendant Maytag Corporation, which was apparently the manufacturer of the refrigerator. Plaintiffs claimed that the refrigerator had malfunctioned and was the cause of the fire.

Prior to commencing suit, plaintiffs' insurer, State Farm Insurance Company, conducted an inspection of plaintiffs' home to determine the cause of the fire. According to the report of the engineer who conducted the inspection, the fire was caused by the malfunctioning of the refrigerator's defrost timer due to an overflow of water from the refrigerator's drain pan. The engineer further concluded that the location of the defrost timer near the drain pan constituted an inherently unsafe design defect in the refrigerator. By letters dated November 4, 1988 and January 20, 1989, State Farm notified Montgomery Ward that the refrigerator was available for inspection but that it would not be preserved indefinitely. In a later letter, dated February 17, 1989, State Farm also informed Montgomery Ward that it expected to be reimbursed

for the insurance money it paid plaintiffs on the ground that Montgomery Ward was liable for the damages caused by the fire. No inspection took place and, sometime in April 1989, the remains of the refrigerator were destroyed by plaintiffs. It was not until after that point that defendants requested an inspection of the refrigerator.

After plaintiffs commenced this action, defendants sought discovery of the refrigerator and the defrost timer. Plaintiffs, being unable to do so, pointed to State Farm's previous correspondence notifying defendants that the refrigerator would not be preserved indefinitely. In response, defendants moved for an order of preclusion and for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting this appeal by defendants.

We affirm. Defendants correctly note that the destruction of evidence before a notice to produce is served does not necessarily warrant the denial of their preclusion motion (see, Hallock v Bogart, 206 AD2d 735). Absent record evidence that a party deliberately and intentionally discarded or destroyed evidence in an attempt to thwart disclosure, the sanction of preclusion should not be imposed (see, Goens v Vogelstein, 146 AD2d 606; cf., Hughes v Atlantic Oldsmobile, 202 AD2d 392). Here, there is no evidence that the refrigerator was destroyed willfully or for the purpose of frustrating defendants' ability to pursue discovery. In addition, the refrigerator was destroyed not only before the notice to produce was served but prior to the commencement of the action. Thus, while it has been suggested that the penalty of preclusion may apply to instances where a party destroys evidence knowing it will be required in anticipated litigation, here there is no evidence that plaintiffs deliberately destroyed the refrigerator knowing that it should have been preserved in the event of future litigation (see, Hallock v Bogart, supra).

Furthermore, in this regard, we take note of the fact that defendants were twice notified by State Farm that the refrigerator was available for inspection but that it would not remain so indefinitely and that defendants did not seek to pursue the opportunity for inspection until it was too late (see generally, Generali Ins. Co. v Honeywell, Inc., 194 AD2d 442). Their delay in moving to protect their interests should not now work to their benefit (see, Jackson v City of New York, 185 AD2d 768), especially through the admittedly drastic sanction of preclusion (see, Farrell v New York State Elec. & Gas Corp., 120 AD2d 778).

Finally, given this result, plaintiffs have not lost the ability

to establish a prima facie case and therefore Supreme Court did not err in denying the motion for summary judgment *(cf., Kwiatek v Buffalo Truck Sales & Serv.,* 178 AD2d 948). Defendants' remaining contentions have been examined and rejected as unpersuasive.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.