(September 22, 1995)

■ PAUL D. ASHLINE, SR., et al., Plaintiffs, v KESTNER ENGINEERS, P. C., et al., Defendants and Third-Party Plaintiffs, and SCHULTZ CONSTRUCTION, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. CITY OF COHOES, Third-Party Defendant-Appellant-Respondent. (Action No. 1.) KEITH W. PHOENIX et al., Plaintiffs, v KESTNER ENGINEERS, P. C., et al., Defendants and Third-Party Plaintiffs, and SCHULTZ CONSTRUCTION, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. CITY OF COHOES, Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendant. (Action No. 2.) CITY OF COHOES, Appellant-Respondent, v SCHULTZ CONSTRUCTION, INC., et al., Respondents-

Appellants, et al., Defendants. (Action No. 3.) [631 NYS2d 783] —Cardona, P. J. Cross Appeals from an order of the Supreme Court (Kahn, J.), entered April 22, 1994 in Albany County, which partially granted motions by defendants Schultz Construction, Inc. and Suburban Propane Gas Corporation to, *inter alia,* preclude the City of Cohoes from offering certain evidence at trial.

On July 7, 1989, a sewer pump station owned and operated by the City of Cohoes was destroyed as the result of an explosion. At the time the incident occurred, two of the City's employees were working inside the station and were severely injured. Several actions and third-party actions were commenced which were ultimately consolidated into the three present actions, the first two being the employees' personal injury suits and the third being the City's property damage suit. Among the defendants named in the actions were defendants Schultz Construction, Inc. and Suburban Propane Gas Corporation. It was alleged, *inter alia,* that these two defendants caused the explosion by reason of their negligence in installing and/or servicing the station's propane gas storage system and its connected piping.*

Shortly after the explosion, and prior to any of the suits being commenced, the City and its insurance company conducted an investigation into the cause of the incident. As part of the investigation, an underground pipe was unearthed. The pipe was taken to the City garage and cut into sections. One of the sections contained holes or perforations. The experts hired to conduct the investigation examined and tested the pipe and their reports suggested that a lack of corrosion protection led to a leak in the pipe allowing propane to escape causing the explosion. According to one of the experts, shortly after the pipe was examined on July 18, 1989, he returned it to the office of the investigator who hired him to conduct the examination. The latter's office, however, denies ever having received possession of the pipe.

In February 1990, prior to his commencing suit in action No. 1, plaintiff Paul D. Ashline, Sr. moved to compel the City to preserve any and all physical evidence of the explosion. In March 1990, the items that the City had collected from the scene of the explosion were inventoried. The resulting list indicated that the pipe was in the insurance company's possession. In April 1990, Supreme Court granted Ashline's motion and at about the same time action No. 1 was commenced. Ac-

---

* We also note that in addition to the City being plaintiff in action No. 3, it is also a third-party defendant in action Nos. 1 and 2.

tion No. 3 was commenced by the City in May 1990 and in August 1990, action No. 2 was commenced.

Thereafter, requests for discovery of the inventoried items, including the pipe, were made. In a letter from the City's attorney to one of the City's employees, dated June 25, 1991, it was noted that arrangements had been made for the inventoried items to be inspected at the City garage. The letter, however, noted that the pipe in question was not in the City's possession and that arrangements for its inspection were to be made with the party indicated on the inventory list. In July 1991, Suburban sought to examine the pipe, then supposedly in the possession of the State Insurance Fund, and discovered that it was unavailable. According to the City, it then made various inquiries in an attempt to locate the pipe but was ultimately unsuccessful in doing so. By letter dated December 24, 1991, the City offered to produce its experts for examination by all parties and, in March 1992, the deposition of one of the experts was taken. In addition, all parties were provided with complete copies of the experts' reports.

In September 1993, Suburban moved for an order dismissing the City's action against it is action No. 3 and for an order directing judgment in its favor against the City in the third-party actions in action Nos. 1 and 2. In the alternative, Suburban requested an order precluding the City from offering any evidence at trial pertaining to the missing section of pipe. Schultz then cross-moved for the same relief. Supreme Court, considering the circumstances, declined to grant judgment in the movants' favor but did grant the alternative relief requested for an order of preclusion. These cross appeals followed.

In our view, given the facts of this case, Supreme Court did not err in refusing to grant judgment in favor of Schultz and Suburban. We conclude, however, that the record does not support the sanction of preclusion. The court's decision is, therefore, modified to that extent. In reaching this conclusion we recognize that Supreme Court has broad discretion in determining the nature and degree of the penalty to be imposed where a party has refused to comply with discovery demands (see, CPLR 3126; Matter of Landrigen v Landrigen, 173 AD2d 1011). Nevertheless, as we have recently noted, "[a]bsent record evidence that a party deliberately and intentionally discarded or destroyed evidence in an attempt to thwart disclosure, the sanction of preclusion should not be imposed" (Berwecky v Montgomery Ward, 214 AD2d 936, 937, lv dismissed 86 NY2d 837; see, Shapiro v Rose, 195 AD2d 935). Here, the

record fails to establish that the City willfully failed to comply with Supreme Court's April 1990 order that it preserve evidence, or that it deliberately and intentionally discarded or destroyed the pipe or otherwise thwarted defendants' attempts at disclosure. Supreme Court itself recognized that there was no direct evidence that the City deliberately lost the pipe and that the City actually appeared to have made a diligent search for it.

It is true that a party's willful conduct may also be inferred from the facts surrounding the failure to disclose (see, Wolford v Cerrone, 184 AD2d 833). However, in this case, the record supports the conclusion that the pipe may already have been missing at the time of Supreme Court's April 1990 order. First of all, the inventory list states that the pipe was in the insurance company's possession. The City never claimed to have it in its possession. In addition, the last person with personal knowledge of the whereabouts of the pipe, i.e., one of the experts, contended that he turned it over to another investigator shortly after July 18, 1989, well before the order of preservation was entered. There is also no evidence that the City deliberately destroyed the pipe knowing it would be required in future litigation (see, Hallock v Bogart, 206 AD2d 735).

Nor can a negative inference be drawn from the City's failure to promptly move, upon receipt of the disclosure requests, for a protective order (cf., Acolyte Elec. Corp. v City of New York, 165 AD2d 802). We agree with Supreme Court's conclusion that the City conducted a sufficiently diligent search for the pipe once it discovered that it was missing. Once the City determined that it could not find the pipe, it voluntarily afforded the parties access to its experts as well as to the unredacted copies of their reports. It was not until after taking advantage of the alternate discovery made available to them that the movants sought to sanction the City for the failure to produce the pipe. Thus, there was a reasonable explanation for the City's failure to seek an order of protection.

The parties' remaining contentions have been considered and found unpersuasive.

White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as granted the motion and cross motion to preclude the City of Cohoes from offering certain evidence at trial; motion and cross motion denied to that extent; and, as so modified, affirmed.