■ JOHN WALLICE, Respondent, v WATERPOINTE AT OAKDALE SHORES, INC., Defendant, and FLEET BANK, Appellant. [636 NYS2d 645] —In an action to recover a broker's commission, the defendant Fleet Bank appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated April 25, 1994, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7) the court must accept the plaintiff's allegations as true and must "resolve all inferences which reasonably flow therefrom in favor of the pleader" (*Sanders v Winship*, 57 NY2d 391, 394; *see also, Leon v Martinez*, 84 NY2d 83, 87; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275; *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506; *Bovino v Village of Wappingers Falls*, 215 AD2d 619). Moreover, the "court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez, supra*, at 88; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635). Applying these standards to the instant case, we conclude that the Supreme Court properly denied the motion to dismiss. Thompson, J. P., Ritter, Joy and Florio, JJ., concur.