■ WILLIAM LOMBARDO, Respondent, v NEW YORK UNIVERSITY MEDICAL CENTER et al., Appellants. (And a Third-Party Ac-

tion.) [663 NYS2d 295] —In an action to recover damages for "AIDS phobia", the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated January 23, 1997, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, an undertaker, claims that he cut his finger on an exposed piece of plastic tubing negligently left in the shrouded body of a man who had died of Aquired Immune Deficiency Syndrome (hereinafter AIDS) AIDS at the defendant Medical Center. The pricking of the plaintiff's finger occurred on August 6, 1992, some 40 hours after the death, as the plaintiff was beginning to unwrap the corpse preparatory to embalming it. The plaintiff has had three blood tests—at two months, five months, and three years after this alleged exposure to the AIDS virus—and all have showed him to be HIV-negative.

The defendants' motion for summary judgment should have been granted. The plaintiff was unable to identify what caused the cut, aside from claiming that certain of the plastic tubing which had been left in the chest of the deceased appeared to be hard, and therefore must have pricked his finger. However, the defendants' evidence indicated that the only catheter which remained in the body of the deceased was a soft, triple-lumen catheter, incapable of cutting anyone. In addition, the plaintiff testified that he never examined the corpse to identify the alleged piece of tubing that was so sharp it penetrated the heavy plastic wrappings on the body of the deceased, as well as his own double gloves. Aside from the plaintiff's unsupported surmise, there is no evidence that any sharp object was left protruding from the body of the deceased, or that whatever cut the plaintiff was contaminated with the blood of the deceased (*see, e.g., Lally v Staten Is. Advance Co.,* 198 AD2d 213; *Camillery v Halfmann,* 184 AD2d 488; *Santos v City of New York,* 130 AD2d 476; *Bearss v Westbury Hotel,* 33 AD2d 47). Accordingly, a jury would have to speculate that it was the defendants' negligence that caused the plaintiff's injury. Moreover, because the plaintiff cannot identify what cut him with reasonable certainty, he cannot establish the actual or probable presence of HIV on the offending object (*see, e.g., Brown v New York City Health & Hosps. Corp.,* 225 AD2d 36; *see also, Montalbano v Tri-Mac Enters.,* 236 AD2d 374; *Lombardo v New York Univ. Med. Ctr.,* 232 AD2d 459). O'Brien, J. P., Santucci, Joy and Altman, JJ., concur.