■ MARIE S. SCHOTT, Appellant, v ST. CHARLES HOSPITAL, Respondent. [672 NYS2d 393] —In a negligence action to recover damages, *inter alia,* for AIDS-phobia, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated May 22, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 13, 1993, as the plaintiff was donning a newly-laundered hospital gown in the Radiology Department of the defendant hospital preparatory to having an X-ray, her hand was pricked by a small needle that was in the folds of the

smock. Plaintiff sued to recover damages for, *inter alia,* negligent infliction of emotional distress, alleging that the incident had caused her to fear that she would develop Acquired Immune Deficiency Syndrome (hereinafter AIDS). The plaintiff has since undergone several blood tests, which have shown her to be negative for the human immuno deficiency virus (hereinafter HIV). The court granted the defendant's motion for summary judgment, finding, *inter alia,* that the plaintiff had not proved that her fear of developing any disease from the needle-stick was reasonable. We now affirm.

In order to maintain a cause of action for negligence resulting in AIDS-phobia, a plaintiff must demonstrate "(a) the actual or probable presence of HIV when the alleged transmission occurred, and (b) that there was some injury, impact, or other plausible mode of transmission whereby HIV contamination could with reasonable likelihood enter the plaintiff's bloodstream" (*Montalbano v Tri-Mac Enters.,* 236 AD2d 374; *see also, Lombardo v New York Univ. Med. Ctr.,* 232 AD2d 459; *Brown v New York City Health & Hosps. Corp.,* 225 AD2d 36).

The plaintiff failed to satisfy the first part of the two-pronged test, as the evidence established that the needle that stuck her was a small, 25-gauge instrument not used for blood transfers. It was caught in the folds of a recently-laundered gown in the Radiology Department, and presumably had itself been through the wash. Under these circumstances, the likelihood of HIV contamination was extremely remote (*cf., Brown v New York City Health & Hosps. Corp., supra; Marchica v Long Is. R. R. Co.,* 810 F Supp 445, *affd* 31 F3d 1197, *cert denied* 513 US 1079). Accordingly, the plaintiff's claim is not genuine, and her fear is too irrational and speculative to sustain her cause of action, absent a positive HIV finding.

Finally, we do not agree with the plaintiff that, by analogy with situations where a party deliberately destroys evidence, the defendant's failure to test the needle for HIV within days of the incident should give rise to an inference that the needle was contaminated. Rather, under the circumstances presented here, the defendant's failure to test the needle was motivated by a perception that there was nothing to be discovered on it rather than by an intention to let the HIV virus die, thereby destroying evidence (*cf., Hallock v Bogart,* 206 AD2d 735; *Hughes v Atlantic Oldsmobile,* 202 AD2d 392; *Strelov v Hertz Corp.,* 171 AD2d 420). O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.