■ COHEN BROTHERS REALTY et al., Respondents-Appellants, v J.J. ROSENBERG ELECTRICAL CONTRACTORS, INC., Appellant-

Respondent and Third-Party Plaintiff-Appellant. THE GAP, INC., Third-Party Defendant-Respondent and Appellant, v J.J. ROSENBERG ELECTRICAL CONTRACTORS, INC., Respondent. [697 NYS2d 20] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered November 19, 1998, which, in consolidated actions by a premises owner and premises occupant against an electrical contractor for property damage allegedly caused by defendant's negligent installation of a circuit breaker, granted defendant's motion to dismiss the action for spoliation of evidence only to extent of precluding plaintiffs from offering expert opinion on why they believe the fire did not start in a graphics printer, precluding plaintiffs from cross-examining the Fire Marshal who inspected the premises on why he reported that the fire did start in a graphics printer, and precluding plaintiffs from contradicting the Fire Marshal who inspected the premises with the testimony of his superior officer, and order, same court and Justice, entered December 2, 1998, which granted defendant's motion to quash a deposition subpoena served on the Fire Marshal who inspected the premises, unanimously affirmed, without costs.

Plaintiffs claim that the fire was caused by defendant's replacement, five days before the fire, of a 15 amp circuit breaker with a 20 amp circuit breaker that allowed a short in an extension cord underneath a desk to go unnoticed. A different cause is indicated in the report of the Fire Marshal who inspected the premises on the day of the fire, which opined that the fire started in a graphics printer that was not on the same line as the circuit breaker installed by defendant, and was one of two appliances that had been left on after hours in the office where the fire originated. The investigator for plaintiffs' insurance company, on a subsequent investigation, ruled out the printer as the cause of the fire, in part on the basis of his inspection of its internal mechanisms, and since he only kept evidence that he believed pointed to the cause and origin of the fire, the printer was discarded prior to the commencement of either action.

We agree with the motion court that plaintiffs' insurance investigator should have known that the Fire Department had investigated the fire, and, had he made inquiry, would have learned that the printer had been identified as a likely cause of the fire. As the motion court indicated, if plaintiffs' investigator had ruled out the printer as a cause of the fire, and if, as represented, he only preserves evidence arguably relevant to the issues of origin and causation, he should have saved the printer, not merely the cord that was attached to the printer.

Plaintiffs' investigator also should have known that, as a result of his report, defendant would be identified as a potential defendant for having negligently installed a 20 amp circuit breaker, and that defendant would want the same opportunity as he had to inspect the internal mechanisms of apparatus that had been left on after hours. Accordingly, the motion court correctly held that plaintiffs' investigator was negligent in failing to preserve the printer.

We also agree with the motion court that the unavailability of the printer substantially hinders defendant's ability to prove an alternative cause for the fire, and while a sanction is therefore warranted (*see, Squitieri v City of New York*, 248 AD2d 201, 203), dismissal would be too drastic a remedy where defendants are not entirely bereft of evidence tending to establish their position, it appearing that the Fire Marshal will be available as a witness and that his report will be admissible (*see, supra*, at 202, citing *Strelov v Hertz Corp.*, 171 AD2d 420, 421; *see also, Popfinger v Terminix Intl. Co. Ltd. Partnership*, 251 AD2d 564). We conclude that the motion court's sanction, which, in effect, allows plaintiffs to prove that the fire started in an extension cord as a result of the faulty substitution of a circuit breaker, but precludes them from offering evidence of their inspection of the printer or from contradicting whatever evidence defendant might have that the fire started in the printer, is appropriately tailored to restore balance to the matter. The subpoena served on the Fire Marshal was properly quashed on the ground that the preclusion order is not a special, unusual or extraordinary circumstance warranting further disclosure (*see, Pagan v City of New York*, 180 AD2d 545; *Grant v Wainer*, 179 AD2d 364). We have considered the parties' other arguments for affirmative relief and find them unpersuasive. Concur—Ellerin, P. J., Rosenberger, Williams, Wallach and Andrias, JJ.