■ OAKFIELD GROUP, L. L. C., Respondent, v BELL ATLANTIC CORPORATION, Appellant. [716 NYS2d 336] —In an action, *inter alia,* to recover damages for trespass, the defendant appeals from an order of the Supreme Court, Kings County (Pincus, J.), dated February 2, 2000, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified by deleting the provision thereof denying that branch of the defendant's motion which was to dismiss the fourth cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

Contrary to the defendant's contention, the Supreme Court did not err in denying those branches of the motion which were to dismiss the first, second, and third causes of action asserted in the complaint (*see, Annabi v Cassino,* 269 AD2d 551; *Marple v Sorg,* 230 AD2d 831; *Wallice v Waterpointe at Oakdale Shores,* 222 AD2d 578). However, the court should have granted that branch of the motion which was to dismiss the fourth cause of action asserted in the complaint. A claim for punitive damages is not a separate cause of action (*see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 616; *Glatter v Chase Manhattan Bank,* 239 AD2d 68, 73; *Watts v Clark Assocs. Funeral Home,* 234 AD2d 538; *Goldman v Garofalo,* 59 AD2d 933). O'Brien, J. P., Thompson, H. Miller and Schmidt, JJ., concur.