■ The People of the State of New York, Respondent, v Crismari Pena, Appellant. [718 NYS2d 838] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered March 2, 2000, convicting defendant, after a jury trial, of 15 counts of forgery in the second degree and two counts of grand larceny in the third degree, and sentencing her to concurrent terms of 1 to 3 years, unanimously affirmed.

The verdict was based on legally sufficient evidence. There is no basis upon which to disturb the jury's evaluation of the handwriting expert's testimony. Defendant's intent to deprive the complainants of their money and her wrongful taking thereof could be reasonably inferred from the evidence. Concur—Sullivan, P. J., Nardelli, Williams, Mazzarelli and Saxe, JJ.

■ Baruch Fekete, Appellant, v GA Insurance Company of New York, Respondent. [719 NYS2d 52] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered June 26, 2000, which granted defendant's motion to quash subpoenas served on its expert witnesses and denied plaintiff's motion to amend his complaint to add claims under General Business Law § 349 and for punitive damages, unanimously affirmed, with costs.

Plaintiff failed to establish special circumstances warranting the depositions of defendant's expert witnesses (see, CPLR 3101 [d] [1] [iii]) and the court properly granted defendant's motion to quash those subpoenas (see, King Elecs. of Graham Ave. v American Natl. Fire Ins. Co., 232 AD2d 273; Generali Ins. Co. v Honeywell, Inc., 194 AD2d 442).

The court properly denied plaintiff's motion to amend his complaint to assert a claim under General Business Law § 349 and a claim for punitive damages since those claims are plainly lacking in merit. Private contract disputes regarding policy coverage and the processing of a claim that is unique to the parties does not fall within the ambit of General Business Law § 349 (see, New York Univ. v Continental Ins. Co., 87 NY2d 308, 320). Nor would defendant's alleged conduct, even if established, constitute an independent tort or conduct that is part of a pattern directed at the public generally and, thus, plaintiff cannot seek punitive damages as an element of damages in his breach of contract claim (see, Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 613). Concur—Sullivan, P. J., Nardelli, Williams, Mazzarelli and Saxe, JJ.