(February 26, 2008)

■ Ronald Aberbach, Respondent, v Biomedical Tissue Services, Ltd., et al., Defendants, and Medtronic, Inc., et al., Appellants. [854 NYS2d 143]—

In an action, inter alia, to recover damages for battery, negligence, negligent infliction of emotional distress, breach of express warranty, and breach of implied warranty, and based on strict products liability, the defendants Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc., appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated March 2, 2007, which, inter alia, denied their motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc., to dismiss the complaint insofar as asserted against them is granted.

According to the complaint, on May 19, 2005 the plaintiff underwent a surgical procedure. During that procedure, bone, bone paste, and other tissue, which were distributed by the defendants Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc. (hereinafter appellants), for allograft procedures, were implanted in the plaintiff's body. However, the plaintiff alleged only that those materials were "potentially" contaminated with HIV and other infectious diseases. In his complaint, the plaintiff alleged that, approximately seven months after the surgery, he was advised about such a possibility. He then underwent certain tests to determine whether he contracted one of those diseases. No allegation is made in the complaint that he became infected with any disease.

In May 2006 the plaintiff commenced the instant action against the appellants and other defendants, seeking to recover damages for injuries that he allegedly sustained as a result of their allegedly wrongful conduct. The appellants moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7). The Supreme Court denied the motion. We reverse.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). Whether the plaintiff can ultimately

establish the allegations "is not part of the calculus" (*EBC I, Inc. v Goldman, Sachs & Co.,* 5 NY3d 11, 19 [2005]).

The branch of the appellants' motion which was to dismiss the cause of action to recover damages for battery, insofar as asserted against them, should have been granted (*see* CPLR 3211 [a] [7]; *Leon v Martinez,* 84 NY2d at 87-88). A "valid claim for battery exists where a person intentionally touches another without that person's consent" (*Wende C. v United Methodist Church, N.Y. W. Area,* 4 NY3d 293, 298 [2005], *cert denied* 546 US 818 [2005]; *see Jeffreys v Griffin,* 1 NY3d 34, 41 n 2 [2003]). Here, the complaint contains no allegation that the appellants intentionally touched the plaintiff's body, either personally or by means of an instrumentality.

The branch of the appellants' motion which was to dismiss the cause of action to recover damages for negligent infliction of emotional distress, insofar as asserted against them, also should have been granted (*see* CPLR 3211 [a] [7]; *Leon v Martinez,* 84 NY2d at 87-88). In this regard, the plaintiff did not allege that he was actually, or even probably, exposed to HIV (*cf. Schott v St. Charles Hosp.,* 250 AD2d 587, 588 [1998]; *Lombardo v New York Univ. Med. Ctr.,* 243 AD2d 688, 689 [1997]; *Blair v Elwood Union Free Pub. Schools,* 238 AD2d 295, 296 [1997]; *Montalbano v Tri-Mac Enters. of Port Jefferson,* 236 AD2d 374 [1997]; *Brown v New York City Health & Hosps. Corp.,* 225 AD2d 36, 47 [1996]), or any other infectious disease (*cf. Daluise v Sottile,* 40 AD3d 801, 803-804 [2007]; *E.B. v Liberation Publs.,* 7 AD3d 566, 567 [2004]; *Hecht v Kaplan,* 221 AD2d 100, 105 [1996]).

In addition, those branches of the appellants' motion which were to dismiss the causes of action to recover damages for breach of express and implied warranties, and based on strict products liability, insofar as asserted against them, should have been granted (*see* CPLR 3211 [a] [7]; *Leon v Martinez,* 84 NY2d at 87-88). No "sale," which is required to support a cause of action to recover damages for breach of warranty or based on strict products liability, is alleged here (*see Betro v GAC Intl.,* 158 AD2d 498, 499 [1990]; *Goldfarb v Teitelbaum,* 149 AD2d 566, 567 [1989]).

Furthermore, that branch of the appellants' motion which was to dismiss the cause of action to recover damages for negligence, insofar as asserted against them, should have been granted as well (*see* CPLR 3211 [a] [7]; *Leon v Martinez,* 84 NY2d at 87-88). Indeed, the complaint fails to allege a cognizable injury suffered as a result of the appellants' alleged negligence (*see Boothe v Weiss,* 107 AD2d 730, 731 [1985]).

Finally, the cause of action asserting a purported right to re-

cover punitive damages should have been dismissed insofar as asserted against the appellants (see *Alexander v Scott,* 286 AD2d 692, 693 [2001]; *Oakfield Group v Bell Atl. Corp.,* 277 AD2d 365 [2000]). Ritter, J.P., Santucci, Covello and Carni, JJ., concur.