■ PARK AVENUE REALTY, LLC, Respondent, v SCHINDLER ELEVATOR CORPORATION et al., Defendants, and NEW YORK MARINE AND GENERAL INSURANCE COMPANY et al., Appellants. [12 NYS3d 47]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered March 26, 2014, which, to the extent appealed from, denied defendants-appellants' cross motion to dismiss plaintiff's third cause of action, for bad faith in violation of General Business Law § 349, in addition to plaintiff's request for attorneys' fees and punitive damages, with leave to renew upon the completion of discovery, unanimously reversed, on the law, without costs, and defendants' cross motion for summary judgment dismissing the third cause of action granted.

"The discovery rules are designed to support a properly pleaded cause of action and to prepare defenses to charges made not to discover whether a claim exists" (*American Communications Assn., Local 10, I.B.T. v Retirement Plan for Empls. of RCA Corp. & Subsidiary Cos.*, 488 F Supp 479, 484 [SD NY 1980], *affd* 646 F2d 559 [2d Cir 1980]). Here, plaintiff has insufficiently pled the third cause of action, for "bad faith" based on General Business Law § 349, as the allegations contained within the complaint do not encompass consumer-oriented conduct (*Cusack v Greenberg Traurig, LLP*, 109 AD3d 747, 748 [1st Dept 2013]; *see Fekete v GA Ins. Co. of N.Y.*, 279 AD2d 300, 300 [1st Dept 2001]). Even if a plaintiff meets the threshold of alleging consumer-oriented conduct, it must then establish that defendant engaged in an act or practice that was deceptive in a material way and that plaintiff was injured by it (*Gomez-Jimenez v New York Law Sch.*, 103 AD3d 13, 16 [1st Dept 2012], *lv denied* 20 NY3d 1093 [2013]). Plaintiff's possession of the actual insurance policies that contained the exclusionary language upon which the denial of coverage later was based negates any finding of deceptive acts on the part of the insurers.

Accordingly, discovery cannot cure plaintiff's pleading defects, and the third cause of action, including plaintiff's

request for attorneys' fees and punitive damages, should be dismissed without waiting for the completion of discovery (see *Fekete*, 279 AD2d at 300). Concur—Mazzarelli, J.P., Sweeny, Acosta, Clark and Kapnick, JJ.