Messinger v FCA US, LLC (2021 NY Slip Op 50717(U))

[*1]

Messinger v FCA US, LLC

2021 NY Slip Op 50717(U) [72 Misc 3d 135(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-1691 Q C

Benjamin Messinger, Appellant, 
against
FCA US, LLC, Respondent. 

Benjamin Messinger, appellant pro se.
Rose Waldorf, PLLC (Mark W. Skanes of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry
Love, J.), entered June 6, 2018. The order granted defendant's motion for summary judgment
dismissing the complaint.

ORDERED that the order is reversed, without costs, and defendant's motion for summary
judgment dismissing the complaint is denied.
On May 27, 2015, plaintiff commenced this action alleging "[d]amages caused to
automobile," "[f]ailure to provide repairs," and "[f]ailure to return money for $17,796.81 with
interest from 10/28/2014." Issue was joined and discovery ensued which established that, in May
2012, plaintiff purchased from a Chrysler dealer a used 2010 Chrysler Town & County
vehicle, with about 40,000 miles on the odometer, for $14,995. Plaintiff testified at his
deposition that, beginning in October of 2014, he experienced issues with the vehicle stalling and
brought it to the dealership to remedy the problem. During the following six months, the
dealership was unable to fix the car and promised plaintiff to reimburse him for rental car
expenses. On July 2, 2015, plaintiff traded in the vehicle for a new one, purchased at a Nissan
dealership, and received $10,000 for his Chrysler.
On March 17, 2016, defendant moved to dismiss this action based on plaintiff's spoilation of
the relevant evidence, or in the alternative, for summary judgment dismissing the complaint,
arguing that the action is barred by the applicable breach of warranty four-year statute of
limitations, that plaintiff cannot demonstrate the existence of a defect covered under the terms of
[*2]the limited warranty, and that plaintiff cannot demonstrate
damages. Plaintiff opposed the motion, submitting the dealer's notes regarding the repair of his
vehicle, which included the "Customer Assistance Inquiry Record," which set forth plaintiff's
complaints and contained defendant's employees' notations about reimbursing plaintiff for rental
vehicles while his vehicle was being diagnosed and repaired. The records also revealed that
defendant acknowledged that the five-year/100,000 mile powertrain warranty had not yet expired
when plaintiff brought his vehicle in for repair.
After plaintiff failed to appear for oral argument, defendant's motion was granted on default.
Plaintiff moved to vacate its default, and its motion was denied. Plaintiff appealed the latter
order, and this court reversed the order, granted plaintiff's motion and remitted the matter to the
Civil Court for a new determination of defendant's motion (see Messinger v FCA US, LLC, 58 Misc 3d 159[A], 2018 NY Slip
Op 50253[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). The Civil Court
subsequently granted defendant's motion, stating that, based on spoliation, dismissal was
appropriate since "plaintiff's sale of the vehicle deprives defendant of its ability to inspect the
vehicle, thereby prejudicing its entire defense." The Civil Court further stated that the breach of
warranty action was time barred by the applicable four-year statute of limitations set forth in
UCC 2-725, since plaintiff commenced this action on May 27, 2015 and the car was delivered to
the dealer on or before May 1, 2010.
The Civil Court improvidently exercised its discretion in dismissing the compliant due to
spoliation of evidence. In requesting sanctions for spoliation, defendant had the burden of
demonstrating that plaintiff intentionally or negligently disposed of critical evidence, thereby
fatally compromising defendant's ability to defend the action (see Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717 [2009];
Kirschen v Marino, 16 AD3d
555 [2005]). Dismissing an action for spoliation is usually reserved for instances of willful
or contumacious conduct (see Dean v
Usine Campagna, 44 AD3d 603 [2007]; De Los Santos v Polanco, 21 AD3d 397 [2005]). Dismissal of a
complaint based on spoliation is too drastic a remedy where, as here, defendant is not entirely
bereft of evidence tending to establish its defense (see Cohen Bros. Realty v Rosenberg Elec.
Contrs., 265 AD2d 242 [1999]), as defendant is in possession of the repair records performed
by its dealership during the six months prior to the commencement of this action.
Furthermore, defendant does not dispute that the five-year/100,000 mile powertrain warranty
had not expired when plaintiff brought his car in for repairs under the warranty. Moreover, the
evidence revealed that although defendant performed repairs on plaintiff's vehicle, plaintiff
informed defendant on numerous occasions that the car continued to stall. Thus, plaintiff raised a
triable issue of fact as to whether defendant's repair was defective.
Finally, plaintiff raised an issue of fact as to whether defendant breached the agreement to
reimburse plaintiff for rental car costs.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing
the complaint is denied.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021